## FLANEGAN v. EARNEST et al.

1. PLEADING—WAIVER.—Where in an action, parties had pleaded specially, and afterwards, by stipulation, submit that the cause be tried by the court without a jury, and therein define what evidence may be received, which, if offered under the pleadings, would not have been admissible, *held*, that its admission at the trial before the court could not be assigned as error.

2. ERROR.—Where by stipulation, an action at law is tried by the court without a jury, its finding on questions of fact cannot be assigned as error.*

3. GARNISHEE—JURISDICTION.—In order to charge a garnishee, under Ter. Stat. 332, § 9, it should appear that no property was found to satisfy the execution, or not sufficient for that purpose, and that

the officer, upon demand of the plaintiff, summoned the garnishee in writing, and in the absence of such showing and proceeding, the court could have no jurisdiction over the garnishee.

4. GARNISHEE—JUDGMENT.—Judgment against a garnishee cannot be entered by default, under this statute, in case he does not appear, but competent evidence should be given to establish his liability; and if he does not appear, judgment given without such proof would be erroneous.

(1 *Chand.* 149.)

ERROR to the District Court for *La Fayette* County.

This was an action of trespass, brought by *Flanegan* in the district court for · La Fayette county, against *Earnest* and *McCoun*, for that the defendants in error, with force and arms took and carried away certain goods, chattels and personal property belonging to the plaintiff in error, and converted the same to their use.

The defendants pleaded :

1. Not guilty ; and,

2. That in a certain action of assumpsit, where the defendants in error were plaintiffs, and one Mark Allison was defendant, before a justice of Iowa county, commenced by summons, such proceedings were had that final judgment was rendered against Allison, and that the said plaintiff in error having been required to appear as a garnishee, upon an execution duly issued upon said judgment, did not so appear as required, but made default, so that in said cause such further proceedings were had that the justice rendered judgment against the plaintiff in error as garnishee in said action, in favor of the defendants in error, for the sum of twenty-five dollars damages, and fifty-five cents costs of the garnishee proceedings, upon which last mentioned judgment, execution was issued, etc., by virtue of which execution a constable of the county of Iowa, levied upon and sold the property in the declaration mentioned, to satisfy the judgment obtained on the garnishee proceedings aforesaid, which is the same trespass complained of in the declaration.   The plea concluded with a verification.

To the second plea of the defendants in error, the plaintiffs in error demurred generally.

The parties then filed with the clerk a stipulation and agreement, to wit : " The defendants are to produce the docket of Dyer Divine, a justice of the peace in and for La Fayette county, containing the judgment relied upon by said defendants for their defense, together with the writs and other papers in said cause before said justice ; and the said justice, Dyer Divine, is to be sworn and present a statement of facts to the court relative to the said judgment contained in his docket, and upon the statement of facts so presented by said Divine, and upon the said justice's docket, containing the judgment relied upon by the defendants as their defense, together with the papers, writs, etc., in said cause before said justice, the court is to decide whether the defense of the said defendants, so submitted, is a good legal defense, and barred the plaintiff from having and maintaining his said action unless the judgment of said court shall be reversed. If the court decide against the defense of said defendants so set up, then a jury of inquiry be awarded to assess damages in favor of the plaintiff. Neither party loses any legal rights as to the points submitted, as to the admissibility of the testimony of said justice."

Under the foregoing stipulation and agreement the district court heard the proofs and allegations of the parties ; ordered and adjudged " that the defense set up and relied upon by the defendant is a good and sufficient bar to the said plaintiff's action ; and that the said plaintiff be and he is hereby barred from having or maintaining his action herein, against the said defendants ; and it is also ordered and adjudged here, that the said defendants do have and recover from the said plaintiff their costs and charges expended in their defense," etc.

Upon the hearing of the cause before the district court, the defendants in error produced the docket of the justice, Divine,

wherein was entered the cause of *McCoun* and *Earnest*, plaintiffs, and Mark Allison, defendant, wherein it appears that on the return day of the summons, Allison did not appear, and judgment was rendered therein in favor of the plaintiffs in that suit against the defendant Allison ; that an execution was issued on said judgment against Allison, and which was returned unsatisfied. On the same execution there was the following return, also indorsed by the officer : that he had "served the within, summoning in writing, *Nicholas Flanegan* (the plaintiff in error) as a garnishee, to appear on the return day of the within execution, at the office of Dyer Divine, justice of the peace in New Diggings, in Iowa county."

It also appeared by the docket of the said justice, that on the return of the above mentioned execution, he issued a process in favor of *McCoun* and *Earnest*, against the plaintiff in error, requiring the officer to levy by distress the amount of the judgment in favor of *McCoun* and *Earnest*, of the goods and chattels of the plaintiff in error as garnishee. The officer did levy and satisfy the execution, of the goods and chattels of the plaintiff in error, as appears by the indorsement to that effect on the execution.

Justice Divine was also sworn as a witness before the district court, who testified to the docket and proceedings had before him, as before stated and set forth. The justice was questioned by the counsel of the plaintiff in error, whether he entered the judgment against the plaintiff in error by default, or on evidence ; answered, that there was no *ex parte* evidence, and no evidence before him in either case ; but that he entered judgment by default, as expressed in his docket entry.

The foregoing was all the evidence submitted to the district court, on the trial, under the case agreed upon.

That thereupon the district court ordered and determined, that the docket entry of the said justice, of the judgment and executions aforesaid, was a good and legal bar to the action

of the plaintiff; and that the testimony of the said Divine was illegal and not competent to be received in explanation of his said docket entry, and that the matter above set forth was a good bar to the action (unless the judgment should be reversed), and that the defendants recover of the plaintiff their costs and charges about their defense in said suit.

To all of which decisions, and to the judgment ordered to be entered, the plaintiff below excepted.

*M. M. Cothren*, for the plaintiff in error, contended that the justice had acquired no jurisdiction over the garnishee, and erred in rendering a judgment against him.

He also claimed that the district court erred in rejecting the oral testimony given by the justice on the trial, and in deciding that the judgment rendered by the justice was a valid one, and cited 1 Johns. Cases, 20 ; 11 Johns. 175, 444 ; 3 Cow. 106 ; 19 Johns. 40, to show that the judgment was a valid one unless reversed.

*Samuel Crawford*, for defendants in error, argued that the stipulation and submission before the district court secured no rights beyond the matters therein stipulated, and that the plea in justfication was not spoken of or referred to by the stipulation ; that the district court had no right to consider the issue before the justice ; that jurisdiction being once acquired in a cause, it was not necessary to the validity of a plea to state the subsequent proceedings ; that this court will intend, after jurisdiction is shown, that all subsequent proceedings are regular ; that the first judgment mentioned in the pleadings was but inducement to proceedings on the second, and the mere basis on which it was founded (6 Hill, 120); and that the justice's docket showed a valid judgment. Rev. Stat. 336 ; 9 Pet. 28 ; 10 id. 449.

HUBBELL, J.   *Flanegan* sued *Earnest* and *McCoun* in the district court of La Fayette county, in a plea of trespass. The defendants pleaded the general issue, and also a special plea,

Flanegan vs. Earnest et al.

setting up a judgment rendered by Dyer Divine, a justice of the peace, and an execution issued thereon, under which a levy was made on the property in question; and averring that this was the same trespass alleged in the plaintiff's declaration. The plaintiff filed a demurrer to the special plea, which was overruled by the court. The parties then entered into a friendly stipulation to submit all the matters in controversy to the decision of the judge; and it was agreed, for that purpose, that the justice should testify as a witness, and that all the papers on file in his court should be admitted as evidence. Under this stipulation the testimony was given, the case argued by counsel, and the decision of the judge obtained thereon. Judgment of the court followed, and the case now comes here on a bill of exceptions and writ of error.

It seems to this court that it is now too late to bring up for its decision, questions arising on the pleadings before the submission and hearing by stipulation. We should be needlessly encouraging litigation and unwarrantably consuming our own time, if not indeed doing positive injustice to the defendants in error, if we should consent to examine mere questions of law which arose in a case prior to a full and apparently fair trial, upon the merits, had by the voluntary consent of the parties. As far as we have been able to understand the stipulation entered into in this case, it was the intention of the parties to have a final disposition of the matter in the district court. If such was not their purpose, they were unfortunate in the language employed to express their design. And it is a well-settled rule of law, that when matters of fact are submitted to the decision of the court, acting in the capacity of a jury, a writ of error does not lie to reverse or correct any error in its judgment upon the facts. In this view of the case, the present writ of error cannot be sustained. Since, however, the sufficiency of the special plea was brought to the notice of the court upon the argument, it may be proper to remark that, if the case had been brought

up on the grounds stated in the demurrer, the ruling of the court below would have been held erroneous. The special plea was defective in several material particulars. Although enough was probably set forth to show the jurisdiction of the justice in the original action of assumpsit—that being mere inducement to the subsequent proceeding under the statute relating to garnishees—still, no facts are set forth to show the right of the justice to entertain this proceeding.

The plea should have averred no property found, or not sufficient to satisfy the execution, and that the officer, upon the demand of the plaintiff, did summon in writing the garnishees named by him, etc. Without the existence of these facts, the proceedings would not be authorized by the statute (Stat. Wis. 332, § 9), and the justice would have no jurisdiction.

Again : The defendants, by their plea, did not sufficiently connect themselves with the levy under the execution against *Nicholas Flanegan*. It was not enough to set forth that Coffey, as constable, had an execution and made a levy in a case in which they were named as plaintiffs, and that this was "the same trespass complained of in the plaintiff's declaration ; " but it should have been averred, that if the property was taken at all, it was done by them under and by virtue of such execution, or by authority of the constable having the same, and with full legal right, and that such taking constituted the "trespass complained of," etc.

Again : The mode of entering judgment against the garnishee by default, as set forth in the plea, would be irregular and bad. It has probably been the loose practice of many justices of the peace, on the return of a summons regularly served, and the failure of the garnishee to appear, to enter judgment against him by default, in conformity, as is supposed, to the strict letter of the statute. But such proceedings are oppressive and illegal. Judgment can properly be entered against no person without competent proof of a legal

liability. Judgment against garnishees must be taken "as in ordinary cases," and that is when the case is made out on satisfactory evidence. Notwithstanding non-appearance and default, the indebtedness of the garnishee to the defendant in the principal case, must be proved as clearly as that of the defendant in the first instance, and without such proof, the judgment might be reversed for error.

These remarks are made for the purpose of establishing general principles of practice, and not with a view to their bearing upon the present case, which is decided, as has been stated, upon other grounds.

Judgment affirmed, with costs.

