IRELAND, Respondent, vs. TOMAHAWK LIGHT, TELEPHONE
  & IMPROVEMENT COMPANY, Defendant: OELHAFEN,
  Garnishee, Appellant.

*October 14—December 9, 1924.*

*Garnishment: After judgment or decree: Necessity of execution
outstanding.*

The provision of sec. 2753, Stats., that an affidavit for garnishment may be made before the time when an execution is returnable, was intended to make definite and clear that a garnishment proceeding can be begun before an execution is returned *nulla bona,* and not to mark a limitation beyond which it could not be begun; and an action of garnishment was seasonably begun although the affidavit stated that an execution has been issued and returned wholly unsatisfied. p. 157.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

This is a garnishment action begun after an execution on a judgment in favor of the plaintiff and against the *Tomahawk Light, Telephone & Improvement Company* had been returned wholly unsatisfied. At the inception of the trial the attorneys for the garnishee moved to dismiss the pro-

ceeding on the ground that the court had no jurisdiction. But no argument was made to the court upon such motion. The court denied the motion and proceeded to take the evidence. After the evidence was taken briefs were submitted to the court and it was pointed out that the affidavit for garnishment was made after an execution was returned wholly unsatisfied and the affidavit so stated the fact. The court was of the view that a garnishment proceeding could not be begun after an execution was returned wholly unsatisfied, but permitted a new execution to issue and the affidavit for garnishment to be amended so as to allege that an execution was outstanding at the time of the amended affidavit, and ordered judgment for the plaintiff against the garnishee defendant. From such judgment the garnishee defendant appealed.

*G. M. Sheldon* of Tomahawk, attorney, and *F. J. Smith* of Merrill, of counsel, for the appellant.

For the respondent there was a brief by *R. T. Reinholdt* of Tomahawk, attorney, and *J. & M. Van Hecke* of Merrill, of counsel, and oral argument by *Mr. Reinholdt.*

The following opinion was filed October 14, 1924:

VINJE, C. J. Both court and counsel were of the view that under the provisions of sec. 2753, Stats., an affidavit for garnishment could not be made after an execution was returned wholly unsatisfied. The provisions in that section so far as applicable read:

"Either at the time of issuing the summons or at any time thereafter, before final judgment, in any action to recover damages founded upon contract, express or implied, or in any cause of action mentioned in section 2731, or upon judgment or decree, or at any time after the issuing of an execution against property and before the time when it is returnable, the plaintiff or some person in his behalf may make an affidavit," etc.

The provisions of this section with reference to when

an affidavit for garnishment may be made were first included in the revision of 1878. The Territorial Statutes of 1839 provided (sec. 9, p. 332): . .

"If there be no property found, or if the goods and chattels levied on are not sufficient to satisfy such execution, the officer shall, upon the demand of the plaintiff, summons in writing as garnishees such persons as may be named to him by the plaintiff or his agent."

This court in *Flanegan v. Earnest*, 2 Pin. 196, held that a summons to a garnishee could not issue until an execution had been returned unsatisfied. No change seems to have been made in the Revised Statutes of 1849 or in the Revised Statutes of 1858 as to the time a garnishment action may be begun.

At the time of the revision of 1878 the law of this state with reference to the commencement of a garnishee action was that it could not be begun until an execution had been issued and returned unsatisfied. 28 Corp. Jur. 38, is authority for a statement that a garnishment action cannot be begun in the following states before an execution has been returned *nulla bona:* Alabama, Illinois, Kansas, Kentucky, Nebraska, Pennsylvania. In view of this state of the law at the time the revision of 1878 was made, we reach the conclusion that the words "and before the time when it is returnable" were intended to make definite and clear that a garnishment proceeding could be begun before an execution was returned *nulla bona* and were not intended to mark a limitation beyond which it could not be begun. We construe the language equivalent to an expression that a garnishment action can be begun even before an execution is returnable.

When it is considered that garnishment is a proceeding in aid of an execution or an attachment and is equitable in its nature, and that under the old rule it could not issue until all legal proceedings had been exhausted, it becomes evident that there was no intention to provide that the time for be-

ginning a garnishment action expired before the time when it could be commenced under the old practice. The revisors' notes on this subject are illuminating and will be set out here because they express quite clearly the legislative intent and state that our garnishment proceedings as found in the revision of 1878 are not taken bodily from any state but are a compilation from different systems. The revisors say:

"This statute is new. The practice in garnishment is expensive, inconvenient, and variable. It is desirable that it should be cheap, easy, and certain. The effort is made to prescribe a practice which it is hoped will afford the desired ends.

"The statute in this state originally provided garnishment as a remedy in aid of attachment only. It is a sort of attachment in itself. Then it was extended to aid an execution, and subsequently it was provided as an auxiliary to an action independently of an attachment, thus making it a mere provisional remedy. It has been thought best to treat garnishment before execution issued as a provisional remedy, distinct from attachment. So provided, it may be taken out either with or without a writ of attachment, and if such a writ be also issued, it no further affects the garnishment than that the officer having the writ may take any property discovered while he has the writ. This renders entirely unnecessary any provision for garnishment on attachment.

"Provisions for garnishment on an execution are combined with this statute because with very slight modification the same statute can be applied to both, and the advantages of presenting the subject in one chapter outweigh the slight disturbance in analysis.

"In providing the practice, it is believed the system of no particular state is followed, but the recommendation made is of a system combined from the different systems."

An extended argument upon the appeal was had upon the question as to whether the court had power to issue a new execution and to permit a new or amended affidavit for garnishment to be made after the issuance of a second execu-

Gray v. Waupun, 185 Wis. 157.

tion. We express no opinion upon this question because we have, as before stated, reached the conclusion that the statute of 1878 was not intended to cut off the commencement of a garnishee action after an execution was returned unsatisfied, but to emphasize the fact that it could be begun before an execution was returnable. The original affidavit in this case needed no amendment. The action was seasonably begun.

A strenuous argument was made to the effect that the trial court erred in finding that the conveyance from the defendant utility company to the garnishee was made for the purpose or with the intent to hinder or delay the collection of plaintiff's debt. We are satisfied from the evidence that the trial judge came to the correct conclusion. It follows, therefore, that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 9, 1924.