KINGSLEY vs. MISSOURI FIRE COMPANY—GARNISHEE.

1. A judgment by default against a garnishee, summoned in attachment as a debtor of the defendant, does not admit the plaintiff's right to prove a *joint* indebtedness of the garnishee to the defendant and another; and, in such case, the assignment of the other of his interes in the indebtedness to the defendant, will make no difference. An assignment of accounts does not carry with it the legal interest.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

I. On the 13th of January, 1847, John Kingsley brought suit on a note executed by Ross & Cowie, a co-partnership firm composed of Joseph Ross & James Cowie, dated May 15, 1846, against said James Cowie, by attachment, in the St. Louis circuit court, and on the same day the Missouri Fire Company was summoned as garnishee. At the April term of said court, (1847) to-wit: On the 31st of April, said plaintiff filed allegations and interrogatories for said garnishee to answer, and on the 26th of said April, said plaintiff, by leave of

Kingsley vs. Missouri Fire Company—Garnishee.

court, filed a statement of the grounds on which he requires the said garnishee to answer, which grounds are for work and labor done and performed for the said garnishee, by the said Joseph Ross, while they were co-partners in trade, doing business under the name and style of Ross & Cowie—that after the work and labor aforesaid were done and performed, the said Joseph Ross bargained, sold, transferred and conveyed all his right, title, interest and claim of every kind and nature whatever, of, in and about said business, to said James Cowie, and said co-partnership was then dissolved and annulled, with the understanding that the said Cowie was to assume and pay all the debts of the concern, and was to collect, receive and use all debts due said co-partnership to his own proper use and benefit.

At the November term, 1847, to-wit: On the 15th of November, a judgment by default was rendered against said garnishee. At the November term 1849, to-wit: On the 15th January, 1850, a judgment was rendered in the original suit of John Kingsley vs. James Cowie in favor of plaintiff for $61. On the 22d January, 1850, the assessment of damages came on to be heard against said garnishee, when the plaintiff read in evidence the record and proceedings in the original suit, and then offered to prove the amount that said garnishee owed the said firm of Ross & Cowie, for work and labor done and performed, and which had never been paid, which evidence the court rejected; and also, said plaintiff offered to read in evidence the notice of the dissolution of the co-partnership of Ross & Cowie, a firm composed of Joseph Ross & James Cowie, which note was signed by said Joseph Ross & James Cowie, and stated that said co-partnership, existing between them, was dissolved on the 15th of July, 1846, and that said Cowie, only, was authorized to settle the accounts of said firm, and which notice was published several times in the latter part of July 1846, in the daily Missouri Republican, a newspaper published in the city of St. Louis, which the court refused to let him do. The court instructed the jury to find nominal damages for the plaintiff against said garnishee. On the 24th of January, 1850, the plaintiff filed a motion to set aside the assessment of damages, and to grant a new writ of enquiry, which motion the court overruled.

II. It is further stated—That the suit was against James Cowie alone, without any averment that it was upon a claim against Ross & Cowie as co-partners

The Missouri Fire Company was summoned as garnishee to answer for any property in its hands belonging to said Cowie, and for any indebtedness of it to said Cowie, without mention of partnership, or joint property of a partnership, or joint indebtedness to Ross & Cowie.

The allegations and interrogations filed allege and interrogate only as to property of Cowie alone, and indebtedness to Cowie alone.

To the above statement of the case by appellant, the appellee assents as correct, so far as it goes, but adds the foregoing thereto, as needful for a full and sufficient statement.


LACKLAND & JAMISON, for appellant.

The circuit court erred—

1st. In not permitting the plaintiff to prove the amount which said garnishee owed Ross & Cowie.

2nd. In rejecting the evidence that the co-partnership firm of Ross & Cowie was dissolved and that James Cowie was the only one authorized to settle and wind up the co-partnership of which the said garnishee had notice.

I. That in executing a writ of enquiry, as the defendant admits that the plaintiff has a cause of action by suffering judgment by default, all the plaintiff has to prove, or the defendant will be allowed to dispute, is the amount of the damages. 4 Hump. Rep. p. 328 (Tenn.); Union B. vs. Hicks et al.; 2 Sam. Plds. & Ev. 586; 4 Monroe R. 11 (Ky.) Waggoner vs. The Bells; 1 Phillip's Ev. p. 482, 6 Am. edition; Cowen & Hill's notes, part 3, p. 630, notes 331, 332; 1 Bossanquet & Puller R. 368, De Garllion vs. L'Sigle, 1 Phil. Ev. 186, (4 ed.); Cowen & Hill's notes, 1st part, (4 ed.) p. 466, notes 355, 356.

Kingsley vs. Missouri Fire Company—Garnishee.

II. The statement of the grounds on which the garnishee is required to answer, stands in lieu of a declaration, and the garnishee by permitting judgment by default, admits all the material, substantial and transferrable facts alleged in the said statement. Acts of 1846-7, p. 9 & 3; 4 Little Rep. (Ky.) 149; Bernard vs. the Commonwealth, 5 Wend. R. 134, Bates vs. Loomis.

The material, substantial, and traversible facts which are admitted by the default, are, that work and labor was done and performed by Joseph Ross and James Cowie, while they were in co-partnership doing business under the name and style of Ross & Cowie, for the said garnishee. That after said work was done, the said firm dissolved, (a notice of which was published in a public journal in the city of St. Louis, where all the parties resided.) That said Cowie purchased of said Ross his interest in said concern, and assumed to pay all the debts of said firm; and these facts being admitted, the said garnishee owed said Cowie for the full amount of the work done by said Ross & Cowie, which is subject to attachment. See Rev Stat. 1845, page 137, (State ed.) art. 1, under attachment, sec. 12, clause 5, which says, al debts due from garnishee to the defendant. See, also, Coll. on Part. p. 392; 1 Peake. p. 31, Evans vs. Silverlock, where it was decided that on the dissolution of a partnership between A & B, it was agreed that A should receive some of the partnership debts, and B others; that each may and could maintain seperate actions for the debts to be received by each respectively.

There are other cases where it is not necessary for all of the partners to join as co-plaintiffs in actions on contracts by the firm, such as dormant partners. See Coll. on Part. p. 392; 23 Wend. Rep. 456, Platt vs. Holen; 3 Cowen Rep. 85, Clarkson vs. Cartier; 6 Pick. Rep. 348, Lord vs. Baldwin; also, nominal, see Coll. on Part. 394.

If we succeed in this suit, the said garnishee would not be liable to any other person, nor could said firm of Ross & Cowie, or any one else, maintain a suit against said garnishee for said work and labor.

1st. A release or receipt of a debt by one partner in his own name will amount to an extinction of the debt against the partnership. Story on Part. p. 171, sec. 115; also, p. 363, sec. 252; 1 Washington's Rep. (Va.) p. 77, Scott vs. Trent.

2nd. If by the dissolution of a firm and notice, the debts are to be paid to a particular person, partner or other receiver, no other can validly discharge the debt. See 1 Dana Rep. (Ky.) p. 475, Combs vs. Boswell; 2 Haywood (N. C.) Rep. p. 133, Manning vs. Brickell; 3 McLean Rep. p. 275, Draper vs. Bissell; Story on Part. p. 472, sec. 328, p. 47, note; 2 Bell Com. B. 7. Ch. 2, page 643, (5 ed.)

As the firm of Ross & Cowie owed the partnership, it was nothing more than right, just, legal and equitable that a debt due said firm, or the co-partnership property should be taken to pay and satisfy said plaintiff's debts.

## Todd & Krum, for respondents.

I. The appellee was summoned to answer any indebtedness by him owing to Jamse Cowie, the defendant in the attachment of suit; but the evidence offered by plaintiff was to prove indebtedness from appellee to said Cowie, and one Ross. The court's refusal to admit this evidence was therefore not error.

Nor could the fact that Ross had transferred his interest in any case of action, such as this, to wit: an open account for work and labor done by Ross & Cowie, to Cowie give to the plaintiff any additional legal right or remedy in this proceeding, because the claim was not assignable, and the plaintiff, by the garnishment, stood in the same and in no better legal position for operating against appellee for their claim, as Cowie would be, had he sued appellee alone on this claim; nor are the legal rights of the appellant aided by the statement of the grounds upon which are founded his allegations and interrogations to appellee, set forth as required by the late statute. The design of that statute was not to amplify and increase the

rights and remedies of garnishment, but to limit and gratify, to render definite and specific what before was vague and general. Besides, the plaintiff cannot depart from the express call or demand of his summons, nor is the appellee obliged to look for or expect any others, or for any other to be accountable or answerable, whether he appear to defend, or, as in this case, make default. The call or demand of this summons is to answer to any indebtedness to the defendant, James Cowie, and by said act of 1847, it is provided that "the garnishee may plead and defend as he might do if he were sued by the same cause by the defendant in the action." Now suppose James Cowie, the defendant in this action, had sued the Missouri Fire Company for a demand for work and labor done by Ross & Cowie, must he not be non suited? In such a suit could Cowie give evidence of such claim? Not, it is insisted, by any principle of law, evidence or practice known in our courts at the time this garnishment was made, which was before the enactment of the new code of practice.

Besides, suppose the assessment had been upon the allegations and interrogations filed without the aid of the statement of the grounds upon which they are founded, filed by appellant afterwards, by leave of court, in obedience to said act; of course, no evidence could be given, except that showing property of or indebtedness to Cowie, not to Cowie and another. Now said act does not alter the case in this respect.

The appellant did not below offer to prove such transfer by Ross to Cowie, &c., as set forth in the statement of grounds filed under said act.

II. The instruction given was right.


RYLAND, J., delivered the opinion of the court.

From the above statement, the principal question before us involves the correctness of the instruction given by the court below to the jury empannelled to enquire and assess the damages.

The plaintiff contends that the court erred in the instruction which permitted nominal damages to be found only. He thinks that the default of the company to answer the interrogatories authorized the plaintiff to prove an indebtedness by the company to Cowie and another, although the summons, the allegations, and interrogatories, all look to the fact of the company being indebted to Cowie, individually, and not jointly with another. It is true that some months after the company was garnisheed, the plaintiff filed his statement of the manner the debt accrued by the company, in which he says that Cowie and Ross worked for the company in partnership.

This case is not without its difficulties. The debt due to the plaintiff was originally due by Cowie & Ross. The plaintiff sued Cowie only; and garnisheed the Missouri Fire Company, as a debtor to Cowie individually. The plaintiff obtained a judgment against Cowie only. The garnishee failed to answer, judgment was rendered by default against the garnishee. A jury to find the amount of the indebtedness was empannelled, and the court restricted the plaintiff in his evidence to the indebtedness of the garnishee to Cowie, and not to Cowie & Ross.

This remedy by attachment and garnisheeing is one of strict law.

We do not know what right Cowie could have, individually, to sue the Fire Company for work and labor done by him and his partner Ross, as a firm—Ross still living. If Cowie could alone, so might Ross. There would be two actions pending by two plaintiffs, for one indebtedness to them as a partnership.

If Cowie could not sue the garnishee alone on this debt, then the garnishee should not, in this proceeding be liable to Kingsley for a debt due by the garnishee to Cowie and another.

I do not think the judgment by default against the garnishee, admits the plaintiff's right to prove against the garnishee a joint indebtedness. I do not consider the assignment by Ross to Cowie of his interest of the amounts due them as partners, as having any weight in this matter ; accounts are not assignable so as to authorize a suit in the assignee's name.

I come to the conclusion, with some hesitation, that upon the whole record there is nothing authorizing this court to reverse the judgment below. The forms of law have been complied with, and the judgment will have to be affirmed.