## SETTLEMIER *v.* SULLIVAN.

In ejectment for lands in Oregon, the defendant claimed title under a sheriff's deed, pursuant to a sale of them under execution sued out upon a judgment by default rendered in 1861 against A. in the State court. A certified transcript of the judgment record, consisting, as required by the statute, of a copy of the complaint and notice, with proof of service, and a copy of the judgment, was put in evidence. The statute also required that in actions *in personam* service should be made by the sheriff's delivering to the defendant personally, or, if he could not be found, to some white person of his family above the age of fourteen years, at his dwelling-house or usual place of abode, a copy of the complaint and notice to answer. The suit against A. was for the recovery of money, and the sheriff's return showed that service was made "by delivering to the wife of A., a white woman over fourteen years of age, at the usual place of abode," a copy of the complaint and notice; but it contained no statement that A. could not be found. At the ensuing term, judgment was rendered against him, with a recital that the "defendant, although duly served with process, came not, but made default." *Held,* 1. That the court, by such service, acquired no jurisdiction over the person of A., and its judgment was void. 2. That such substituted service, if ever sufficient for the purposes of jurisdiction, can only be made where the condition upon which it is permissible is shown to exist. 3. That the inability of the sheriff to find A. was not to be inferred, but to be affirmatively stated in his return. 4. That the said recital is not evidence of due service, but must be read in connection with that part of the record which sets forth, as prescribed by statute, the proof of service. 5. That such proof must prevail over the recital, as the latter, in the absence of an averment to the contrary, the record being complete, can only be considered as referring to the former.

ERROR to the Circuit Court of the United States for the District of Oregon.

This was an action for the possession of certain lands in the State of Oregon. The plaintiff asserted title to them under a patent of the United States, issued, in 1875, to one Durcharme and wife, a previous conveyance by them to one Magers, and a deed by the latter and wife in 1877.

The defendant claimed to have acquired the title to the premises by a sheriff's deed, made in 1862, on a sale of the property under execution, upon a judgment recovered by one Walker against Magers in one of the courts of Oregon. The case turned upon the validity of this judgment. The demand in the complaint was for two hundred and fourteen acres of land; but the answer disclaimed title to portions of the

premises alleged to have been previously sold, and the recovery was had for the residue.

It appeared from the record that the judgment the validity of which was considered was rendered in September, 1861, in the Circuit Court of the county of Marion, in favor of one Samuel Walker against Magers for something less than $200, in an action upon two promissory notes of the defendant, one for $100 and one for $50, each drawing interest at the rate of two per cent a month. The complaint contained copies of the notes, and prayed judgment for the amount with accruing interest. Indorsed upon it was a notice which, in the system of procedure then prevailing in the State, took the place of process, addressed to the defendant, stating that unless he appeared in the Circuit Court for the county of Marion on the third Monday of September then following, and answered the complaint, it would be taken as confessed, and its prayer be granted.

The complaint and notice were not served upon the defendant personally, but on the 2d of September, 1861, were served upon his wife, by delivering copies to her " at the usual place of abode," she being, according to the certificate of the sheriff, "a white woman of over fourteen years of age." No statement is made by the officer that the defendant could not be found, nor is any reason given why personal service was not made upon him.

On the second day of the ensuing term, the 17th of September, judgment was rendered against the defendant for the amount due upon the notes as prayed. Its entry is preceded by a statement that on that day the plaintiff came by his attorneys, but that the " defendant, although duly served with process, came not, but made default." Upon this judgment execution was issued, and the property in controversy was sold.

In tracing his title through the sheriff's deed the defendant produced a copy of the entry of the judgment mentioned, without producing the complaint and notice and the sheriff's certificate of service. The omission was afterwards supplied by the plaintiff against the objection that the recital of service upon the defendant in the judgment could not be contradicted or impeached by the return of the sheriff, and that the entire judgment roll, and not detached portions of it, should be pro-

duced in any attempt to contradict or impeach the recital
The plaintiff then produced a copy of the judgment similar to
that already offered by the defendant. Those papers con-
stituted under the statutes of the State, in force at the time,
the judgment roll in the case, that is, the official record of
the proceedings, showing the nature of the action, the manner
in which jurisdiction over the person of the defendant was
acquired, and the character of the judgment. Those statutes.
provided that, in cases of judgment by default, the judgment
roll should consist of copies of the complaint and notice, with
the proof of service, and a copy of the judgment or decree. In
cases of judgment after appearance, the notice and proof of
service could be omitted from the roll, as the pleadings would
be sufficient in such cases to show the jurisdiction of the court.
But in cases of judgment by default, the proof of service of the
complaint and notice was to constitute an essential portion of
the record; and that proof, when furnished by the sheriff,
could by the statute only consist of his official certificate, or
that of one of his deputies, whose acts in that respect were
in legal effect his. There was no suggestion at the trial that
there were any other documents which could be regarded as
part of the official record in the case, the objection taken being
that detached portions were at different times introduced, and
not the whole at once. The defendant relied upon the recital
in the entry of the default preceding the judgment, and the
object of his objection was to compel his adversary to put in
evidence the same recital.

The documents constituting the official record of the action
being introduced, the court instructed the jury that the judg-
ment was void for want of jurisdiction in the court rendering
it over the person of the defendant, and directed a verdict for
the plaintiff. A verdict to that effect was accordingly rendered
and judgment entered thereon, to review which the present writ
of error is brought. The instruction given to the jury consti-
tutes the error alleged for a reversal of the judgment.

The statute of Oregon, in force when service of summons
was made in the action of *Walker* v. *Magers*, reads as follows,
substituting copy of complaint and notice for summons: "The
summons shall be served by delivering a copy thereof, together

with a copy of the complaint prepared by the plaintiff, his agent, or attorney, as follows: . . . In all other cases to the defendant, or, if he bo not found, to some white person of the family above the age of fourteen years, at the dwelling-house or usual place of abode of the defendant." Statutes of Oregon, 1855, p. 86, sect. 29.

*Mr. J. N. Dolph* for the plaintiff in error.

*Mr. W. Lair Hill, contra.*

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

If the certificate of the sheriff were the only document in the record referring to the service of the complaint and notice, there would be no doubt as to the correctness of the ruling of the court below. Service upon the wife of the defendant was not service upon him. No theoretical unity of husband and wife can make service upon one equivalent to service upon the other. Personal citation to the defendant, or his voluntary appearance, is the essential preliminary to a purely personal judgment. The statute of the State in force at the time required service in cases other than those brought against corporations, or persons laboring under some disability, as minors, or as being of unsound mind, to be made by delivering a copy to the defendant personally; or, if he could not be found, to some white person of his family above the age of fourteen years, at his dwelling-house or usual place of abode. If it be admitted that substituted service of this kind upon some other member of the family is sufficient to give the court jurisdiction to render a personal judgment against its head, binding him to the payment of money or damages, it can only be where the condition upon which such service is permissible is shown to exist. The inability of the officer to find the defendant was not a fact to be inferred, but a fact to be affirmatively stated in his return. The substituted service in actions purely *in personam* was a departure from the rule of the common law, and the authority for it, if it could be allowed at all, must have been strictly followed.

Such we find to be the ruling of the Supreme Court of Oregon. In *Trullenger* v. *Todd* (5 Oreg. 39), judgment was entered

by default for want of an answer by the clerk, in vacation, under the act of 1868, upon a certificate of the sheriff that he had served the summons upon the defendant " by delivering a copy thereof to a person of the family above the age of fourteen years, at the dwelling-house or place of abode of the defendant ; " and the court held the certificate insufficient to authorize the entry of judgment in not containing the fact that the defendant could not be found.    The statute, so far as the manner of service was concerned, was similar to that of 1861, a summons being substituted for the notice.    " The statute," said the court, " in providing how service shall be made, evidently implies that when a summons is placed in the hands of an officer for service, that he will use ordinary diligence, at least, to find the party against whom the summons is issued, in order that he may make personal service upon him; but after using ordinary diligence, if he should fail to find such party, constructive service may be made; and when such service is made, the certificate should contain the fact that the party could not be found."    The court having thus held the judgment void, the only question left for its determination was whether it could entertain an appeal from it, as a void judgment could be disregarded and treated as a nullity whenever any right was claimed under it, whether set aside or not.    It maintained the appeal solely for the purpose of reversing the judgment and thus purging its records.

Here it is contended that the recital in the entry of the default of the defendant in the case in the State court, " that, although duly served with process, he did not come, but made default," is evidence that due service on him was made, notwithstanding the return of the sheriff, and supplies its omission. But the answer is, that the recital must be read in connection with that part of the record which gives the official evidence prescribed by statute.    This evidence must prevail over the recital, as the latter, in the absence of an averment to the contrary, the record being complete, can only be considered as referring to the former.

We do not question the doctrine that a court of general jurisdiction acting within the scope of its authority — that is, within the boundaries which the law assigns to it with respect

to subjects and persons — is presumed to act rightly and to have jurisdiction to render the judgment it pronounces, until the contrary appears. But this presumption can only arise with respect to jurisdictional facts, concerning which the record is silent. It cannot be indulged when the evidence respecting the facts is stated, or averments respecting them are made. If the record is silent with respect to any fact which must have been established before the court could have rightly acted, it will be presumed that such fact was properly brought to its knowledge. But if the record give the evidence or make an averment with respect to a jurisdictional fact, it will be taken to speak the truth, and the whole truth, in that regard; and no presumption will be allowed that other and different evidence was produced, or that the fact was otherwise than as averred. "If, for example," to give an illustration from the case of *Galpin* v. *Page* (18 Wall. 366), "it appears from the return of the officer or the proof of service contained in the record that the summons was served at a particular place, and there is no averment of any other service, it will not be presumed that service was also made at another and different place; or if it appear in like manner that the service was made upon a person other than the defendant, it will not be presumed, in the silence of the record, that it was made upon the defendant also."

We are of opinion that the principle here stated applies in this case. The record from the State court showed service upon the wife of the defendant in that case, and not upon the defendant; and in the absence of any finding of the court that other service was made, or the finding of a fact from which other service must necessarily be inferred, none will be presumed. Other service will not be presumed from its assumption in a recital in the entry of a default. It follows that the judgment of the court below must be affirmed; and it is

*So ordered.*

MR. JUSTICE BRADLEY, with whom concurred MR. CHIEF JUSTICE WAITE and MR. JUSTICE HARLAN, dissenting.

I dissent from the judgment in this case.

The entry of judgment recites that process was duly served.

The return of the sheriff, though it does not state all the facts necessary to make the service good, yet does not contradict the recital; and no allegation was made that the defendant could have been found to be personally served with process. Under these circumstances, I think the judgment cannot be assailed collaterally.