## No. 10,561.

### GIBBS v. SLEVIN.

Decided February 5, 1923.

Petition to recall and quash a writ of execution issued on a default judgment. Petition denied.

*Reversed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Default Judgment—Execution.* It was error to deny a petition to recall and quash an execution issued on a default judgment where the court had no jurisdiction of the person of the defendant.

2. JUDGMENT—*Summons—Service.* Where the recital in a judgment, and the official return on the summons regarding service, are inconsistent, the recital must yield to the return.

3. *Jurisdiction.* Where the record shows no jurisdiction of the person of a defendant, a judgment against him is void.

*Error to the County Court of Rio Grande County, Hon. Harry M. Howard, Judge.*

Mr. E. O. PHLEGAR, for plaintiff in error

Mr. W. SCOTT CARROLL, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in Error applied to the court below to recall and quash a writ of execution issued on a judgment rendered by default.

On the 9th day of August, 1906, the defendant in error instituted an action against G. A. Gibbs & Son, George A. Gibbs and George B. Gibbs, in the county court of Rio Grande county, to recover judgment for the purchase price of certain goods. Summons was issued and the sheriff made return that he had "duly served the within summons, together with a copy of the complaint in the within stated action, on this 9th day of August, A. D. 1906, by to George A. Gibbs the said defendant personally, in the county of Rio Grande, a copy of the said summons, together with a copy of the complaint in the action therein mentioned, thereto attached." No appearance was entered in the case, and judgment by default was entered September 24, 1906, against all of the defendants.

The judgment recited that "G. A. Gibbs & Son, Geo. A. Gibbs and Geo. B. Gibbs, having been regularly served with process and they and either of them having failed to appear and answer the plaintiff's complaint herein," default is entered according to law.

Upon November 22, 1922, defendant in error placed an execution in the hands of the sheriff for the recovery of his judgment. On the following, day George B. Gibbs filed his petition and affidavit in the action, alleging that no service of summons or notice of any character whatever was served upon him in the original action, and that he had no knowledge of the pendency of said suit or the rendition of the judgment therein until about the 15th day of November, 1922, when demand for payment was made upon him by plaintiff's attorney. The question raised was

submitted to the court for determination upon the petition and affidavit of plaintiff in error and the record in the case. The court denied the petition. George B. Gibbs is here on error and asks for a supersedeas.

It was error not to recall and quash the writ. From an examination of the complete transcript of the record, there is nothing whatever in the record to justify the recital in the judgment that the plaintiff in error was served with process. The official return of the sheriff shows a want of service on the plaintiff in error. *Settlemier v. Sullivan,* 97 U. S. 444, 448, 24 L. Ed. 1110.

Where the recital in the judgment and the official return are inconsistent, the recital must yield to the return, for it is upon the return of the summons that the recital in the judgment is necessarily predicated in a default judgment. *Stubbs v. McGillis,* 44 Colo. 138, 142, 96 Pac. 1005, 18 L. R. A. (N. S.) 405, 130 Am. St. Rep. 116.

The record showing no jurisdiction of the person of the plaintiff in error, the judgment was void as to the plaintiff in error.

A supersedeas is therefore denied, and the case remanded with directions to the court below to recall and quash the execution as to the plaintiff in error.

Reversed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.