**Clarence AUSTIN, Appellant,**

v.

**Otis SMITH et al., Appellees.**

**No. 16451.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 22, 1961.

Decided Nov. 21, 1962.

---

5. Fed.R.Civ.P. 52(a).

Bazelon, Chief Judge, dissented.

Mrs. Maurine Howard Abernathy, Washington, D. C., for appellant.

Mr. John F. Costello, Washington, D. C., with whom Mr. John F. Burke, Washington, D. C., was on the brief, for appellees.

Before BAZELON, Chief Judge, and EDGERTON and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Otis Smith and his wife, Hattie Lee, sued Ruth Bush and her father, Henry Austin, February 21, 1956, to recover damages for injuries sustained by Otis when he was struck by a motorcycle ridden by Ruth Bush. They alleged she was negligently operating the motorcycle and that her father, who owned it, had negligently allowed his daughter to use it when she was unskilled, unlicensed and untrained. The defendants did not answer and default was entered May 12, 1956. Thereafter, on June 14, 1956, an inquisition by a jury as to damages resulted in a verdict of $7,000 in favor of Otis Smith.

On November 9, 1956, the Clerk of the District Court issued on a printed form the following order of attachment addressed to the United States Marshal:

"YOU ARE HEREBY COMMANDED to attach the goods, chattels, and credits of the defendant [Henry Austin], if to be found in this District, of value sufficient to satisfy the plaintiff['s] judgment against the defendant in this Court in the above-entitled cause, on the 14th day of June 1956, for $7,000 with interest from June 14, 1956 for money payable to the plaintiff by the defendant, and $45.00 for costs; and the same so attached, safely keep and have before said Court, on or before the tenth day occurring after the execution of this writ, that the same may be condemned unless sufficient cause be shown to the contrary; and, if said goods, chattels, or credits be attached in the hands or possession of any person or persons other than the defendant, notify such person or persons of such seizure, and warn him or them to appear before said Court, within the time aforesaid, to show cause why the same should not be condemned and execution thereof had according to law. And have then there this writ, so endorsed as to show when and how you have executed it."

The following notice of garnishment appears below the order of attachment:

"9 November, 1956

"*To* Clarence Austin, 811 St. Catherine Street, N. E., *Garnishee.*

"YOU ARE HEREBY NOTIFIED that any property or credits of Henry Austin in your hands are seized by virtue of the foregoing writ of attachment, and you are hereby warned to appear in said Court, on or before the tenth day after service hereof, and show cause, if any there be, why the property or credits so attached should not be condemned and execution thereof had.

"Carlton G. Beall, U. S. Marshal in and for the District of Columbia
"By [Illegible], Deputy U. S. Marshal."

The deputy marshal's return on a separate sheet is as follows:

"I hereby certify and return that I served the annexed Garnishment on the therein-named Clarence Austin by handing to and leaving a true and correct copy thereof with him personally at 800 Block of St. Catherine St. N. E. in the said District at 2:30 p. m. on the 9th day of November, 1956."

Clarence Austin did not answer or appear, and on December 3, 1956, the District Court entered the following judgment against him:

"On motion of the plaintiff Otis Smith, and it appearing to the Court that on November 9, 1956, the United States Marshal attached credits of the defendant Henry Austin in the hands of Clarence Austin, garnishee herein, and thereupon served on said garnishee a copy of the interrogatories filed herein, and it further appearing that no answer by said garnishee to said interroga-

tories has been filed herein, and that the time for such answer has expired, and nothing appearing to the contrary, it is by the Court this 3rd day of December, 1956

"ORDERED, That judgment of condemnation be and the same is hereby entered against said garnishee, Clarence Austin, in the full sum of $7,041.80 with interest thereon from 1956 [sic], and costs, towards the satisfaction of plaintiff's recovery herein."

On February 5, 1957, Otis Smith sued Clarence Austin on the default judgment for $7,000 and costs and prayed that certain real estate described in his complaint, which he alleged was owned by Clarence Austin, be ordered sold to satisfy the judgment. Clarence Austin did not appear or answer and on August 20, 1957, a default was entered against him. Six days later a judgment was entered pursuant to the default ordering the sale of real estate described in the complaint. It appears, however, that it has not yet been sold.

The record discloses no further activity by any party until March 13, 1961. On that date—more than four years after the default judgment for $7,000 had been entered against him—Clarence Austin moved to vacate it. He alleged he "was not a real party in interest but an innocent third party, who was erroneously named as Garnishee"; that he was not served with process and "had no knowledge of said judgment until he sold some property in 1960, the proceeds from which have since been withheld."

Three days later—March 16, 1961,—he filed a motion to set aside the default judgment ordering sale of the realty, because of the invalidity of the judgment for $7,000 on which it was based. His own affidavit in support of the motion contained statements indicating that he owed Henry Austin nothing.

The motions to vacate the two default judgments were denied and this appeal followed. The principal question is whether the District Court correctly denied the motion to vacate the basic judgment for $7,000; for, if that judgment is void, the second judgment which was based upon it is also void, and should be vacated.

Clarence Austin's main contention is that no process was served on him. But the deputy marshal's return shows the garnishment was served on November 9, 1956. We have no doubt that it was served on Clarence as the officer's return showed, and that the District Court was correct in so deciding. But that does not end the matter. It should be ascertained whether the default judgment was in all respects authorized. That task requires the construction of the following portion of § 15–312, D.C.Code (1961), upon which the District Court necessarily relied in entering the judgment:

"* * * [I]f the garnishee shall have failed to answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, such judgment shall be entered against him for the whole amount of the plaintiff's judgment and costs, and execution shall be had thereon."

This Code provision may be construed to authorize a judgment against a garnishee for the full amount of the plaintiff's claim against the principal defendant if the garnishee fails to answer the interrogatories, or to appear and show cause why a judgment of condemnation should not be entered, even though in fact the garnishee had no property or credits belonging to the principal defendant. So construed, the statute permits the imposition of a penalty or forfeiture upon a garnishee who owed the principal defendant nothing, simply because he neglects to answer and assert that fact. If this penalty or forfeiture is to be upheld, it must clearly appear that the default judgment was fully justified by the record.

It will be noted that the judgment against the garnishee, reproduced above, was based upon the recital therein that he had failed to answer interrogatories served on him. But the record contains

no evidence of service of interrogatories. To be sure, there is in the District Court's file a printed form containing the following notice and interrogatories:

"To Clarence Austin, 811 St. Catherine Street, N. E., *Garnishee:*

"You are required to answer the following interrogatories, under Penalties of Perjury within ten days after service hereof. And should you neglect or refuse so to do, judgment may be entered against you for an amount sufficient to pay the plaintiff's claim, with interest and costs of suit.

"Frank L. Dennis,
Attorney for Plaintiff."

"INTERROGATORIES

"1st. Were you at the time of the service of the writ of attachment, served herewith, or have you been, between the time of such service and the filing of your answer to this interrogatory, indebted to the defendant? If so, how, and in what amount?

"2nd. Had you, at the time of the service of the writ of attachment, served herewith, or have you had, between the time of such service and the filing of your answer to this interrogatory, any goods, chattels, or credits of the defendant in your possession or charge? If so, what?"

The form is not marked as filed and is not identified in any way. It appears in the file next to the sheet containing the notices of attachment and garnishment, but there is nothing to show it was ever served on Clarence Austin. The deputy marshal's return only says the garnishment was served on him. Of course the interrogatories may have been attached to the notices of attachment and garnishment when the deputy marshal handed a copy of that sheet to Clarence Austin, but his return does not so indicate. As the words "the

annexed Garnishment" in the deputy marshal's return may be understood to include, or not to include, the interrogatories, we think that in the circumstances of this case whatever doubt there is should be resolved in favor of the appellant. The mere possibility that the interrogatories may have been delivered to Clarence when the garnishment was served is not enough to support the default judgment imposing a drastic penalty or forfeiture of $7,000 for failing to answer them. When the validity of a default judgment depends upon a public officer's compliance with a statutory requirement and the record does not clearly show compliance, we think it must appear from the record not only probable but highly probable that the officer did comply; especially where, as here, there has been no assertion that the appellant owed anything to anybody.[1]

This default judgment pronounced against Clarence because he had not answered interrogatories which had not been served on him is, in our opinion, a void judgment. It is not saved from invalidity by the court's recital that the "Marshal * * * served on said garnishee a copy of the interrogatories filed herein," because the record shows the marshal did not serve the interrogatories and there is no other indication of service. In similar circumstances, it has been held, correctly, we think, that "when the record itself contradicts the recital of due service contained in the judgment, the principle of law which gives rise to a presumption of service does not apply. Instead, the jurisdictional finding is controlled by and must yield to the return of service as it appears in the record." Powell v. Turpin, 224 N.C. 67, 29 S.E.2d 26 (1944). The same opinion contains the following statement:

"In determining whether a court had jurisdiction the whole record must be inspected, and if the judgment itself recites service but the

---

1. In oral argument, though not in the brief, appellee's counsel conceded in effect that appellant probably owed nothing.

return found shows no service or a service which is insufficient or unauthorized by law, the judgment must be regarded as void. [Cases cited.]"

In every state in which the question has been decided, with the exception of Texas, it is held that a recital in a judgment of service of process may be impeached, even upon a collateral attack, by a positive contrary showing of the remainder of the record upon which the judgment is based. Annot. 68 A.L.R. 395. The Supreme Court of the United States stated the same doctrine when it said in the early case of Settlemier v. Sullivan, 97 U.S. (7 Otto) 444, 448–449, 24 L.Ed. 1110, 1111–1112 (1878):

"We do not question the doctrine that a court of general jurisdiction acting within the scope of its authority—that is, within the boundaries which the law assigns to it with respect to subjects and persons—is presumed to act rightly and to have jurisdiction to render the judgment it pronounces, until the contrary appears. But this presumption can only arise with respect to jurisdictional facts, concerning which the record is silent. It cannot be indulged when the evidence respecting the facts is stated, or averments respecting them are made. If the record is silent with respect to any fact which must have been established before the court could have rightly acted, it will be presumed that such fact was properly brought to its knowledge. But if the record give the evidence or make an averment with respect to a jurisdictional fact, it will be taken to speak the truth, and the whole truth, in that regard; and no presumption will be allowed that other and different evidence was produced, or that the fact was otherwise than as averred. * * *"

The Settlemier case was cited in the following statement which was quoted with approval by the Supreme Court in

Dick v. Foraker, 155 U.S. 404, 413, 15 S.Ct. 124, 128, 39 L.Ed. 201 (1894):

"'* * * The recital of the decree that there was proper notice to the parties in interest is not conclusive of that fact, but must be read in connection with that part of the record which gives, or is required to give, the official evidence of jurisdiction, as prescribed by statute. Boyd v. Roane, 49 Arkansas, 397, [5 S.W. 704]; Settlemier v. Sullivan, [7 Otto 444], 97 U.S. 444, [24 L.Ed. 1110]; Galpin v. Page, 18 Wall. 350, [21 L.Ed. 959].'"

And as recently as 1938 the Supreme Court relied upon the Settlemier case in Adam v. Saenger, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649. We think, therefore, it is still authoritative.

■ We have not failed to observe that the deputy marshal's affidavit of March 20, 1961, filed in opposition to Clarence's motion to vacate, states that on November 9, 1956, he served "the writ of attachment and interrogatories" on Clarence Austin. This departure from his original return of course cannot support the default judgment entered more than four years before. It is, moreover, tantamount to an admission that the interrogatories were not part of the order of attachment.

■■ The statute is in the disjunctive: that judgment for the full amount of the principal defendant's debt may be awarded against a garnishee if he "shall have failed to answer the interrogatories served on him, *or* to appear and show cause why a judgment of condemnation should not be entered." (Emphasis supplied.) But here, the judgment was based only on the failure to answer interrogatories. We regard it as immaterial that the record does not show that Clarence appeared and showed cause why judgment of condemnation should not be entered; for, as we have said, the judgment was not based on that default. The statute is in derogation of the common law and should be construed strictly against the party who invokes it. Coldt

Metal Process Co. v. McLouth Steel Corp., 126 F.2d 185 (6th Cir.1942); Met-Wood Products Corp. v. Sparks-Withington Co., 74 F.Supp. 979 (E.D.Mich.1947); United States v. Pacific Forwarding Co., 8 F.Supp. 647 (W.D.Wash.1934). A judgment based upon such a statute should also be construed strictly against the garnisher.

██ It may be suggested that the garnishee waited too long to attack the judgment of December 3, 1956,—his motion to vacate it was not filed until March 13, 1961,—so that laches prevented him from obtaining relief from it, even though the judgment was void for lack of service. This tardy attack was permissible under Rule 60(b), Federal Rules of Civil Procedure, which is in pertinent part as follows:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated * * *."

Under subsection (4) above, the only question for the court is whether the judgment is void; if it is, relief from it should be granted. Similarly, under subsection (5), if the underlying judgment is void, the judgment based upon it is also void. Moreover, the Rule places no time limit on an attack upon a void judgment, nor can such a judgment acquire validity because of laches on the part of him who applies for relief from it. 3 Barron & Holtzoff, Federal Practice and Procedure § 1327 (1958).

██ As Rule 4(h) [2] of the Federal Rules of Civil Procedure provides that the court *may* at any time allow proof of service to be amended, it may be suggested that this case should be remanded for the District Court to decide whether to permit the return to be amended, after hearing evidence as to the facts concerning actual service. But Otis Smith's laches would prevent him from now seeking amendment of the marshal's return, and in the meantime the void order of sale of the realty has made it impossible for Clarence to consummate a private sale which he had negotiated. An amendment of the return, more than four years after entry of the void judgment, would clearly result in material prejudice to the substantial rights of Clarence Austin, in which event Rule 4(h) says amendment may not be allowed. Moreover, the deputy marshal's affidavit of March 20, 1961, in which he asserts with particularity that on November 9, 1956, he actually served on Clarence the interrogatories which his return of that day did not include, is essentially incredible. It is hardly possible that, after more than four years, he could have an independent recollection of such a detail. It is obvious, we think, the officer's affidavit means no more than if he had said, "While I do not remember the incident, I think I served the interrogatories in addition to the garnishment." Accordingly we regard the affidavit as insufficient to cause the court to exercise its discretion to permit the proof of service to be amended in accordance with it. In fact, the court did not, in express terms, permit amendment.

We conclude the District Court erred in denying Clarence's motion to vacate the judgment for $7,000, because it was and is void. The second judgment ordering his realty sold was and is void because it depended for validity upon a void prior judgment. In our view, Clarence should be relieved from these judgments under Rule 60(b).

2. Rule 4(h) is as follows:
"(h) Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

That Rule provides that, for the reasons enumerated therein, the court may grant relief from a judgment "upon such terms as are just." With respect to several of the grounds for relief enumerated in the Rule, prescription of terms would be proper; but here, Smith proceeded at his peril in suing upon a void judgment, and Clarence Austin should not be required to make any payment or indemnification in order to obtain relief from it.

■ After the judgment for $7,000 has been set aside, Otis Smith can, of course, cause interrogatories to be served on Clarence Austin as to whether he has property or credits due the estate of Henry Austin;[3] thereupon, it will be the duty of Clarence to answer *as of the time of such service.*

Reversed.

BAZELON, Chief Judge (dissenting).

After obtaining judgment for $7,000 against appellant Austin's brother in a personal injury suit, Smith instituted garnishment proceedings against appellant Austin. Austin failed to respond and default judgment was entered against him. Thereafter, a second suit was instituted against appellant to satisfy the judgment by judicial sale of real property he allegedly owned in the District of Columbia. Appellant did not appear, and a second default judgment was entered in favor of appellees herein.

Over four years after the first default judgment, and three and a half years after the second, appellant moved to vacate the first judgment on the grounds that he was not properly served and that he was not indebted to his brother.[1]

The District Court found that service was proper and denied the motion. Austin appeals.

I think the record before us compels affirmance. The marshal's return upon the service in question states: "I hereby certify and return that I served the annexed garnishment on the therein named Clarence Austin by handing to and leaving a true and correct copy thereof with him personally * * *."[2] And the marshal's affidavit states:

"He [the marshal] saw a person, in the uniform of a guard, in the 800 block of St. Catherine Street, N. E., which person fitted the description of Clarence Austin.

"That he approached said person and served him with the writ of attachment and interrogatories and the person so approached and served admitted that he was Clarence Austin, but stated that he (Clarence Austin) had nothing to do with this matter and the papers did not pertain to him. This service occurred at 2:30 P.M."

Upon these facts, I do not think the District Court erred in refusing to set aside the first default judgment.

I take this view reluctantly. Appellant's allegation that he was never indebted to his brother is not contradicted. It may well be that if, as it appears, the marshal did hand appellant a summons, he ignored it, not out of disdain for the law but out of ignorance of it. Moreover, it appears that appellant is a man of limited means. And affirmance of the judgment would burden him with his brother's $7,000 debt for personal injuries for which appellant was in no sense responsible. This, as appellees con-

3. The record shows that Henry Austin is dead.

1. In the years between entry of the second default judgment and the filing of this motion, trustees appointed by the District Court to effect the sale under the second default judgment mailed appellant copies of their annual accounts.

2. I think the "garnishment" referred to in the deputy marshal's return of service includes the interrogatories. I find no evidence that it does not include them. The mere possibility of their not having been served does not justify the result reached by the majority in the absence of any authority for the imposition of a requirement that the return of service affirmatively show the interrogatories were served with the garnishment.

cede with commendable candor, appears harsh indeed.

But Congress has ordained that " * * * if the garnishee shall have failed to answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, such judgment shall be entered against him for the whole amount of the plaintiff's judgment and costs, and execution shall be had thereon." [D.C.Code, § 15–312 (1961)]

Appellant has advanced no argument for a construction of the statute that would benefit him.[3]

I would therefore affirm.

Bazelon, Chief Judge, dissented.

**3.** Compare Payne v. Furtado, 22 Hawaii 723 (1915); Flanegan v. Earnest, 1 Chandler 149, 2 Pin. 196 (Wis.1849); Kingsley v. Missouri Fire Co., 14 Mo. 465 (1851). 38 C.J.S. Garnishment § 254 (1943); 4 Moore's Federal Practice ¶ 37.-03 (1950).

Also compare 28 U.S.C. § 2072 (1958); Sibbach v. Wilson & Co., 312 U.S. 1, 655, 61 S.Ct. 422, 89 L.Ed. 479 (1940); Shima v. Brown, 77 U.S.App.D.C. 115, 133 F.2d 48 (1943); Edmonston v. Sisk, 156 F.2d 300 (10th Cir. 1946), concerning possible conflict between the default provision of D.C.Code § 15–312 and the Federal Rules of Civil Procedure.