(Slip Opinion) OCTOBER TERM, 2025 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CONEY ISLAND AUTO PARTS UNLIMITED, INC. *v.* BURTON, CHAPTER 7 TRUSTEE FOR VISTA-PRO AUTOMOTIVE, LLC

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 24–808. Argued November 4, 2025—Decided January 20, 2026

The question in this case is whether Federal Rule of Civil Procedure 60(c)(1)'s requirement that parties make Rule 60(b) motions within a "reasonable time" applies to a motion seeking relief from an allegedly void judgment under Rule 60(b)(4). Vista-Pro Automotive, LLC, entered bankruptcy in 2014 and initiated adversarial proceedings against Coney Island Auto Parts Unlimited, Inc., to collect $50,000 in allegedly unpaid invoices. Vista-Pro attempted to serve process on Coney Island by mail but purportedly failed to comply with Federal Rule of Bankruptcy Procedure 7004(b)(3)'s mail-service requirements. Coney Island did not file an answer, and the Bankruptcy Court entered a default judgment. Over the next six years, Vista-Pro's bankruptcy trustee attempted to enforce the judgment. These efforts bore fruit in 2021 when a marshal seized funds from Coney Island's bank account in satisfaction of the judgment. Coney Island filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60, arguing that Vista-Pro's failure to make proper service rendered the judgment void. The Bankruptcy Court denied relief, holding that Coney Island failed to abide by Rule 60's requirement that parties make motions for relief within a "reasonable time." The District Court and the Court of Appeals for the Sixth Circuit affirmed.

*Held*: Rule 60(c)(1)'s reasonable-time limit applies to a motion alleging that a judgment is void under Rule 60(b)(4). Pp. 2–6.

  (a) The plain text of Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time," and because a motion

for relief from an allegedly void judgment is a "motion under Rule 60(b)," the reasonable-time limit applies. The structure of Rule 60 confirms the plain-text interpretation. Rule 60 expressly modifies the default reasonable-time limit, imposing a one-year limit on Rule 60(b) motions alleging mistakes, new evidence, or fraud. Yet the Rule does not include an analogous unlimited-time principle for motions alleging voidness. Pp. 2–3.

(b) The Court rejects the argument that because a "void judgment is a legal nullity," *United Student Aid Funds, Inc.* v. *Espinosa*, 559 U. S. 260, 270, no time limit should apply. Even if the passage of time cannot cure voidness, the same principle holds true for most legal errors, yet statutes and rules routinely limit the time during which a party can seek relief from a judgment infected by error. A party would need to show that some principle of law, such as the Due Process Clause, gives a party the right to allege voidness at any time, but Coney Island disclaims any such argument, and the Court cannot divine any such principle. Allowing parties to allege voidness at any time would have extreme implications, such as allowing parties to ignore deadlines for filing notices of appeal or petitions for certiorari when subject-matter jurisdiction is contested. The possibility that improper service is different from other legal errors because a party might not learn about proceedings until long after judgment issues does not help Coney Island. Rule 60(c)(1) accommodates such a scenario by imposing a reasonable-time requirement rather than a fixed time limit. In the context of a default judgment, it might be reasonable for a defendant not to seek relief before learning about a plaintiff's attempted enforcement. Pp. 3–5.

(c) The Court rejects Coney Island's argument that courts have historically allowed litigants to seek relief from void judgments at any time. No such historical consensus exists, and in any event, for Rule 60(b) motions, the Rule's text and structure take priority over historical practice. The Court also rejects Coney Island's reliance on *Insurance Corp. of Ireland* v. *Compagnie des Bauxites de Guinee*, 456 U. S. 694, as that case undermines Coney Island's plea for no time limits. Lastly, the Court rejects Coney Island's invocation of policy concerns, Rule 60's drafting history, and the canon of constitutional avoidance. To the extent that these interpretive tools carry any weight, they do so only when a Rule's language is ambiguous. Pp. 5–6.

109 F. 4th 438, affirmed.

ALITO, J., delivered the opinion of the Court, in which ROBERTS, C. J., and THOMAS, KAGAN, GORSUCH, KAVANAUGH, BARRETT, and JACKSON, JJ., joined. SOTOMAYOR, J., filed an opinion concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

———————

## No. 24–808

———————

## CONEY ISLAND AUTO PARTS UNLIMITED, INC., PETITIONER *v.* JEANNE ANN BURTON, CHAPTER 7 TRUSTEE FOR VISTA-PRO AUTOMOTIVE, LLC

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

[January 20, 2026]

JUSTICE ALITO delivered the opinion of the Court.

A party seeking relief from an allegedly void judgment may file a motion under Federal Rule of Civil Procedure 60(b)(4). Rule 60(c)(1) requires parties to make Rule 60(b) motions within a "reasonable time." We hold that this time limit applies to a motion alleging that a judgment is void.

I

Vista-Pro Automotive, LLC, entered bankruptcy in 2014. As part of its bankruptcy litigation, Vista-Pro initiated adversarial proceedings against Coney Island Auto Parts Unlimited, Inc., to collect $50,000 in allegedly unpaid invoices. Vista-Pro attempted to serve process on Coney Island by mail, but in doing so, it purportedly failed to comply with the mail-service requirements in Federal Rule of Bankruptcy Procedure 7004(b)(3).

Coney Island did not file an answer in the adversarial proceedings, and the Bankruptcy Court entered a default judgment against the company in 2015. Over the next six years, Vista-Pro's bankruptcy trustee attempted to enforce

that judgment against Coney Island. As part of these efforts, the trustee sent a demand letter to the company's CEO in April 2016. Lower courts concluded that this letter gave Coney Island notice of the judgment and the trustee's enforcement efforts.

These efforts bore fruit in 2021 when a marshal seized funds from Coney Island's bank account in satisfaction of the judgment. In response, Coney Island filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60. According to Coney Island, Vista-Pro's failure to make proper service rendered the judgment void.

The Bankruptcy Court denied relief. It held that Coney Island failed to abide by Rule 60's requirement that parties make motions for relief within a "reasonable time." The District Court and Court of Appeals for the Sixth Circuit affirmed. We granted certiorari to resolve a split of authority on whether Rule 60's reasonable-time limit applies to motions seeking relief from allegedly void judgments.[1] 605 U. S. ___ (2025).

## II

Federal Rule of Civil Procedure 60 permits a court to "relieve a party . . . from a final judgment, order, or proceeding," and subdivision (b)(4) specifically authorizes a court to

---

[1] Compare *In re Vista-Pro Automotive, LLC*, 109 F. 4th 438, 444 (CA6 2024) (case below), with *Austin* v. *Smith*, 312 F. 2d 337, 343 (CADC 1962); *V. T. A.*, *Inc.* v. *Airco*, *Inc.*, 597 F. 2d 220, 224, and n. 9 (CA10 1979); *Rodd* v. *Region Constr. Co.*, 783 F. 2d 89, 91 (CA7 1986); *Hertz Corp.* v. *Alamo Rent-A-Car, Inc.*, 16 F. 3d 1126, 1130 (CA11 1994); *Sea-Land Serv.*, *Inc.* v. *Ceramica Europa II*, *Inc.*, 160 F. 3d 849, 852 (CA1 1998); *United States* v. *One Toshiba Color Television*, 213 F. 3d 147, 157–158 (CA3 2000) (en banc); *Jackson* v. *FIE Corp.*, 302 F. 3d 515, 523 (CA5 2002).

grant relief from a "void" judgment.[2]  Parties may seek relief under Rule 60 by filing a motion with the court.

Rule 60 also imposes a time limit for such motions.  Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time."  Because a motion for relief from an allegedly void judgment is a "motion under Rule 60(b)," the reasonable-time limit applies.  Accord, *Kemp* v. *United States*, 596 U. S. 528, 533 (2022) ("All [Rule 60(b) motions] must be filed 'within a reasonable time'").

The structure of Rule 60 confirms what the plain text of subdivision (c)(1) provides.  When Rule 60 modifies the default reasonable-time limit, it does so expressly.  For example, Rule 60(c)(1) imposes a 1-year limit on Rule 60(b) motions alleging mistakes, new evidence, or fraud.  Thus, one would expect Rule 60 to include an analogous provision if a special, unlimited-time principle applied to motions alleging voidness.  Cf. *Kemp*, 596 U. S., at 534–535.  But the Rule does not.

Coney Island, several Courts of Appeals, and a prominent treatise nonetheless maintain that Rule 60(c)(1)'s reasonable-time limit does not apply to motions alleging voidness.  See n. 1, *supra*; 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2862, pp. 431–433 (3d ed. 2012).  These authorities acknowledge that their interpretation clashes with Rule 60's text.  See, *e.g.*, *Sea-Land Serv., Inc.* v. *Ceramica Europa II, Inc.*, 160 F. 3d 849, 852 (CA1 1998).  But relying on the generally accepted maxim that a "void judgment is a legal nullity," *United Student Aid Funds, Inc.* v. *Espinosa*, 559 U. S. 260, 270 (2010), they argue that the passage of time cannot turn such a nullity into an enforceable judgment.  See, *e.g.*, *Austin* v. *Smith*, 312 F. 2d 337, 343 (CADC 1962).

---

[2] Rule 60 governs motions to set aside default judgments, Fed. Rule Civ. Proc. 55(c), including those issued in bankruptcy proceedings, Fed. Rules Bkrtcy. Proc. 7055 and 9024.

This argument cannot bear the weight that Coney Island and others have placed on it. Even if the passage of time cannot cure voidness, the same principle holds true for most legal errors. Nevertheless, statutes and rules routinely limit the time during which a party can seek relief from a judgment infected by error. Therefore, a party in Coney Island's position would need to show that some principle of law, such as the Due Process Clause, gives a party the right to allege voidness at any time.

Coney Island disclaims any such argument, and we cannot divine any principle requiring courts to keep their doors perpetually open to allegations of voidness. Giving a party a "reasonable" time to seek relief from an allegedly void judgment may well be all that due process demands. By contrast, the argument that a party may allege voidness at any time, if taken to its logical conclusion, would have extreme implications. For example, if a federal district court erroneously concluded that it possessed subject-matter jurisdiction and proceeded to enter a judgment, the adversely affected party could wait as long as it wanted before filing a notice of appeal. But see Fed. Rule App. Proc. 4(a)(1). Similarly, if a federal court of appeals erroneously asserted subject-matter jurisdiction, the adversely affected party would not be required to comply with the deadline for filing a petition for a writ of certiorari imposed by this Court's Rule 13. It is hard to accept the proposition that due process requires such a regime.[3]

---

[3] JUSTICE SOTOMAYOR contends that we should abstain from addressing any potential due-process considerations. *Post*, at 1 (opinion concurring in judgment). Although Coney Island disclaims any constitutional argument, it cites a longstanding consensus of authority holding that a party may allege voidness at any time despite the contrary language in Rule 60. And the only possible basis for such a holding is a rule of constitutional law that prevents the imposition of the Rule's reasonable-time requirement.

Coney Island maintains that the alleged defect in this case—failure to perform proper service—is different from other legal errors that might render a judgment void.[4] Coney Island emphasizes that when a party does not receive proper service, it might not learn about the proceedings until long after the judgment issues. But this possibility does not help Coney Island's position. Rule 60(c)(1) accommodates such a scenario by imposing a reasonable-time requirement, rather than a fixed time limit. And in the context of a default judgment, it might be reasonable for a defendant not to seek relief before learning about a plaintiff's attempted enforcement.

Coney Island separately contends that courts have historically allowed litigants to seek relief from void judgments at any time. But the historical record is not so clear. To be sure, courts have granted relief from void judgments long after their entry, especially when the issuing court lacked jurisdiction over the defendant. See, *e.g.*, *Harris* v. *Hardeman*, 14 How. 334, 338, 344–346 (1853) (affirming a lower court order that set aside a judgment 11 years after its issuance where the plaintiff did not make proper service and the defendant did not appear). But there was no historical consensus that a party could request such relief at *any* time. Some courts, for instance, concluded that laches or other time limits could bar relief, even when a litigant alleged voidness. *E.g., Stocking* v. *Hanson*, 35 Minn. 207, 211–212, 28 N. W. 507, 507–508 (1886); *Smith* v. *Jones*, 174 Cal. 513, 515–517, 163 P. 890, 890–892 (1917). In any event, for Rule 60(b) motions, the Rule's "text and structure" take priority over historical practice.[5] See *Honeycutt* v. *United States*, 581 U. S. 443, 453 (2017).

---

[4] We express no view on whether the allegedly defective service in this case would render the judgment void.

[5] Rule 60(d) preserves parties' ability to obtain relief from a judgment in limited ways other than through a Rule 60(b) motion. We express no

Coney Island turns next to this Court's decision in *Insurance Corp. of Ireland* v. *Compagnie des Bauxites de Guinee*, 456 U. S. 694 (1982). There, we explained that a defendant seeking to dispute personal jurisdiction is "always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment . . . in a collateral proceeding." *Id.*, at 706. Citing this sentence, Coney Island argues that defendants need not comply with time limits when alleging a lack of personal jurisdiction. But *Insurance Corp.* also recognized that the "expression of legal rights is often subject to certain procedural rules," and "the failure to enter a timely objection" may result in the loss of a legal right. *Id.*, at 705. Thus, *Insurance Corp.* undermines Coney Island's plea for no time limits.

Coney Island lastly invokes policy concerns, Rule 60's drafting history, and the canon of constitutional avoidance. To the extent that these interpretive tools carry any weight, they do so only when a Rule's language is ambiguous. See *BP p.l.c.* v. *Mayor and City Council of Baltimore*, 593 U. S. 230, 245 (2021); *Milner* v. *Department of Navy*, 562 U. S. 562, 572 (2011); *Van Buren* v. *United States*, 593 U. S. 374, 393–394 (2021). Here, the operative language clearly requires parties to make Rule 60(b) motions within a reasonable time.

### III

Litigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time. Coney Island does not contend that it complied with this requirement. Therefore, we need not expound on whether Coney Island's timing was reasonable. The judgment of the United States Court of Appeals for the Sixth Circuit is affirmed.

*It is so ordered.*

─────────────

view regarding the limits applicable to obtaining relief through one of those methods.

# SUPREME COURT OF THE UNITED STATES

No. 24–808

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,
PETITIONER *v.* JEANNE ANN BURTON,
CHAPTER 7 TRUSTEE FOR VISTA-PRO
AUTOMOTIVE, LLC

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[January 20, 2026]

JUSTICE SOTOMAYOR, concurring in the judgment.

The Court today rightly holds that a Rule 60(b)(4) motion to set aside a default judgment that is void for lack of personal jurisdiction must be made "within a reasonable time." Fed. Rule Civ. Proc. 60(c)(1). Rule 60's text and structure require that conclusion, as the majority explains.

I concur in the judgment because the majority unnecessarily opines on the potential validity of a constitutional challenge to the "reasonable time" limit under the Due Process Clause. *Ante*, at 4. Coney Island did not make this argument below and the Sixth Circuit did not pass upon it. See *In re Vista-Pro Automotive, LLC*, 109 F. 4th 438, 443 (2024) ("Coney Island does not mount a constitutional attack on Rule 60"). In this Court, Coney Island expressly disclaimed any due process argument. See Brief for Petitioner 22 ("To be clear, Coney Island does not contend that Rule 60 or Rule 60(c)(1) [is] unconstitutional"). This Court does "not generally entertain arguments that were not raised below and are not advanced in this Court by any party." *Burwell* v. *Hobby Lobby Stores, Inc.*, 573 U. S. 682, 721 (2014). There is no reason to depart from that practice absent unusual circumstances, which certainly are not present here.