48

## SHIMA v. BROWN.
### No. 8301.

United States Court of Appeals for the District of Columbia.

Argued Dec. 4, 1942.

Decided Jan. 18, 1943.

Writ of Certiorari Denied April 12, 1943.

See ——— U.S. ———, 63 S.Ct. 982, 87 L.Ed. ———.

Mr. John Wattawa, with whom Mr. V. O. Hill, both of Washington, D. C., was on the brief, for appellant.

Mr. Richard E. Wellford, with whom Mr. Simon R. Golibart, both of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee sued to recover for board, including room, which he claimed to have furnished to appellant and his wife during eight years under an agreement by appel-

lant to pay "a fair and reasonable sum." Appellant denied making the agreement, and the periods, if any, in which board was furnished under it were in dispute. Appellee's statement of account listed some ninety-seven items, including board for ninety months at $50 per month and seven payments, all of which were contested. When the suit was first tried the court set aside a jury verdict and, by consent of the parties, referred the case to the auditor. The auditor found that appellant owed appellee either $1,224.99 or $2,575.82 according as the court might decide a question of law, viz., whether the statute of limitations was a bar to part of the claim.

Appellant filed exceptions to the auditor's report. Appellee filed no exceptions or objections. When the case again came on for trial, appellant moved to withdraw his exceptions and confirm the auditor's report. The court denied the motion, and the case was again tried to a jury on all issues. This trial resulted in a verdict for appellee for $2,750 "without interest." The court added interest from the time suit was filed. This appeal followed.

The District of Columbia Code provides that either party may except to any part of an auditor's "report and account," and that the issues "made by said exceptions shall be tried and determined in the same manner as other issues of law or fact made by the pleadings in an action at common law, and *any part of such report and account not so excepted to* shall be adjudged to be conclusive between the parties * * *."[1] But Federal Rules of Civil Procedure, Rule 53(e), 28 U.S.C.A. following section 723c, contains these provisions with regard to the findings of masters, including auditors:

"(3) In Jury Actions. In an action to be tried by a jury the master shall not be directed to report the evidence. His findings upon the issues submitted to him are *admissible as evidence* of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report.

"(4) Stipulation as to Findings. The effect of a master's report is the same whether or not the parties have consented to the reference; but, *when the parties stipulate that a master's findings of fact shall be final,* only questions of law arising upon the report shall thereafter be considered."[2]

█ It seems clear that under this Rule the absence of exceptions to a master's report does not make his findings conclusive. The Rule appears to make his findings mere "evidence" unless the parties "stipulate" that they shall be final. Although Rule 53(e) provides in general terms for objections to a master's report in nonjury actions, in jury actions it provides only for "objections in point of law." We cannot say that the absence of objections amounts, in this jury action, to a stipulation that the master's findings of fact shall be final. The history of the Rule confirms this construction.[3]

█ As the question is procedural, the Rule invalidates the contrary provision of the Code.[4] The result seems unfortunate. Since it is desirable that parties and courts be spared the burden of re-trying issues, it seems desirable to require parties who wish issues re-tried to a jury to file, within a limited time, objections to a master's findings on the same issues. But the District Court was bound by the Rule, and properly refused to "confirm" the auditor's report. Appellant was not prejudiced by the court's refusal to let him withdraw his exceptions to the report, since the presence or absence of exceptions is immaterial under the Rule.

█ We think the court erred in adding interest to the jury's verdict. Though the parties stipulated at pre-trial "that the sum of $50 per month for two people is a fair and reasonable sum," this could not turn the suit for breach of contract into a suit to recover a liquidated debt. The stipulation merely answered, after the suit

---

[1] D.C.Code 1940, § 16—103, 31 Stat. 1231. Italics supplied.

[2] Italics supplied.

[3] Former Federal Equity Rule 66, 28 U.S.C.A. § 723 Appendix, provided: "The parties shall have twenty days from the time of the filing of the report to file exceptions thereto, and *if no exceptions are within that period filed by either party, the report shall stand confirmed.* If exceptions are filed, they shall stand for hearing before the court * * *." The drafting committee's note to Rule 53(e) states: "This contains the substance of Equity Rules 61 * * * and 66 * * * with *modifications as to the* form and *effect of the report* and for inclusion of reports by auditors, referees, and examiners, and references in actions formerly legal." Italics supplied.

[4] Sibbach v. Wilson & Co., Inc., 312 U. S. 1, 61 S.Ct. 422, 85 L.Ed. 479.

was filed, one of several questions which would otherwise have had to be tried. It left in dispute not only the question whether the contract was made but various other questions, including the periods during which appellee furnished board to appellant and his wife, the periods during which he furnished it to one of them alone, the fair value of the board of one person, and the payments, if any, which appellant had made on account. Appellee therefore was not entitled to interest before judgment.[5] "The case is remanded to the court below, with a direction to enter a judgment for * * * the damages assessed by the jury, with interest on such judgment from the time it shall be entered until it shall be paid." Costs in this court will be divided.[6]

Judgment modified.

---

[5] D.C.Code 1940, §§ 28—2707, 28—2708, 31 Stat. 1378. Fries, Beall & Sharp Co. v. Livingstone, 56 App.D.C. 209, 12 F. 2d 150.

[6] New York, Lake Erie & Western Railroad Co. v. Estill, 147 U.S. 591, 622, 623, 13 S.Ct. 444, 456, 37 L.Ed. 292.