**D. M. W. CONTRACTING CO., Inc., et al.
v. STOLZ.**

No. 9223.

United States Court of Appeals
District of Columbia.

Argued Oct. 16, 1946.

Decided Dec. 9, 1946.

Writ of Certiorari Denied March 17, 1947.
See 67 S.Ct. 980.

Mr. Bernard J. Gallagher, of Washington, D. C., with whom Mr. M. Walton Hendry, of Washington, D. C., was on the brief, for appellants.

Mr. Maurice Friedman, of Washington, D. C., with whom Mr. Oliver F. Busby, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

CLARK, Associate Justice.

Appellee recovered a judgment in the District Court against the appellants for the balance due on a sub-contract to furnish certain granite for the construction of what is called the East Building of the Municipal Center, Washington, D. C. The final judgment and order of the court below adopted as its findings of fact and conclusions of law the report of an auditor submitted to the court pursuant to an order of reference. This appeal is from that final judgment.

The litigation started when the appellee, Stolz, was granted leave to intervene in an action by the D. M. W. Contracting Company, Inc., hereafter referred to as D. M. W., against the District of Columbia for the balance due on the general contract for the construction of the Municipal Center. The District of Columbia filed an answer and counterclaim, bringing into the action D. M. W.'s two sureties on its contract, Hartford Accident and Indemnity Company and Ætna Casualty and Surety Company, who are also appellants in this case. The

court, on its own motion and without objection by the parties, referred the entire matter to the court's auditor "to take testimony upon the issues raised by the pleadings, to make findings of fact and conclusions of law, and to report to this court." Subsequent to this reference, the appellants and the District of Columbia settled, leaving in litigation only the claim of appellee against the appellants.

The auditor heard the appellee's case and then continued the hearings because of the alleged illness of D. M. W.'s president and only witness. The case was continued from time to time until the appellee showed to the court's satisfaction that the D. M. W. witness's failure to appear was due to an unwillingness to testify rather than to an inability, whereupon the court ordered the auditor to conclude the cause. Before a report was made the incumbent auditor died. His successor in office requested instructions of the court and was ordered to file his report based upon the existing record. This order was objected to by the appellants. The auditor's report made findings of fact and conclusions of law in favor of the appellee. Appellants filed exceptions to the report and also filed a motion to suppress it. After due consideration of the exceptions and motion and examination of the report, the record and transcript of testimony and proceedings, the court issued a final judgment overruling the motion to suppress and the exceptions, adopting the auditor's report as the findings of fact and conclusions of the court and granting appellee a final judgment of recovery.

■ The principal issue raised by this appeal is whether the court below was in error in directing the successor auditor, over appellants' objection, to base his findings and report upon the evidence taken by his deceased predecessor. We attribute no merit to the issue raised by appellants wherein they attempt to distinguish between compulsory and consent references in view of Rule 53,[1] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, where the only distinction recognized is between jury and non-jury actions. Neither do we attribute merit to appellants'

contention that the auditor was in error in finding that the parties operated under and were governed by a letter contract of August 14, 1940 rather than by a standard form of contract signed by the parties on September 28, 1940. This finding was accepted by the trial court as not being erroneous and will not be disturbed by this court in view of the ample evidence to support such a finding, and the absence of any evidence indicating anything to the contrary.

Turning to the principal issue, in holding that it was not error for the trial court to direct the successor auditor to base his findings and report upon the evidence taken by his deceased predecessor, we are of opinion that the answer rests on the effect to be given the master's report under the rules governing such. In determining this, reference need be made to Rule 53, paragraph (e). The applicable portions are as follows:

"(1) Contents and Filing. The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. * * * in an action to be tried without a jury, unless otherwise directed by the order of reference, (the master) shall file with it a transcript of the proceedings and of the evidence and the original exhibits.

"(2) In Non-Jury Actions. In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. * * * any party may serve written objections thereto * * *. Application to the court for action upon the report and upon objections thereto shall be by motion * * *. The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

"(4) Stipulation as to Findings. The effect of a master's report is the same whether or not the parties have consented to the reference; but, when the parties stipulate that a master's findings of fact shall be final, only questions of law arising

---

[1] Rule 53 (a) provides: "As used in these rules the word 'master' includes a referee, an auditor, and an examiner."

upon the report shall thereafter be considered."

■ The terms of Rule 53(e) (1) make clear that the court can refer both issues of law and issues of fact to the master. But this does not mean that the master is clothed with the authority, by such a reference, to make a final determination of all the issues. It is true that the next sub-paragraph, 53(e) (2), provides that in a non-jury action the master's findings of fact shall be accepted by the court unless they are clearly erroneous, but there is no provision that the court must accept the conclusions of law and the same sub-paragraph goes on to provide that the parties may file an objection to the report and make application to the court *"for action upon the report"* and further that *"the court after hearing may adopt the report or may modify it or may reject it* in whole or in part." (Italics supplied) And in order for the court to take such action on the report sub-paragraph 53(e) (1) makes provision for the court to have before it a transcript of the proceedings, of the evidence and of the original exhibits.

It appears from the foregoing that it is the trial court in such a case who makes the final determination of all the issues. The report of the master is advisory only and is without effect until confirmed by the court.[2] For while he is charged with accepting the master's findings of fact unless clearly erroneous, it is necessary for him to review the transcript of the proceedings to determine if such error has been made, and when objection is taken to the report, as was done here, he is bound to review the transcript of the proceedings, evidence and exhibits to determine for himself whether the master's report should be accepted, rejected wholly or partly, modified, recommitted with instructions, or whether he should receive further evidence.[3] And in no instance is he bound by the master's conclusions of law. The effect is the same whether or not the parties consented to the reference.

■ This being the case, it does not seem to us to be necessary to have the master who makes the findings hear the testimony and take the evidence,[4] and his report should be given the same effect as the report of a master before whom the entire proceedings took place.[5]

A further reason why the ruling should be upheld is the practical consideration to be given such a procedure. In most of the actions requiring a reference of the matter to a master the evidence taken is complicated and the proceedings lengthy. When the master's hearings are completed, and the master dies before his report is made, the parties ought not to be put to the unnecessary expense of resubmitting their evidence, but should be permitted to use the evidence already presented.

Affirmed.

---

[2] In Re Mifflin Chemical Corporation, 3 Cir., 123 F.2d 311, certiorari denied Sheridan v. Rothensies, 315 U.S. 815, 62 S.Ct. 804, 86 L.Ed. 1213; In Re Philpott, D.C., 37 F.Supp. 43.

[3] Appellants were given every reasonable opportunity all through the trial below to produce competent evidence but failed to do so.

[4] Frank Adam Electric Co. v. Colt's Patent Fire Arms Mfg. Co., 8 Cir., 148 F.2d 497; O'Grady v. Chautauqua Builders Supply Co., D.C., 33 F.2d 957.

[5] Frank Adam Electric Co. v. Colt's Patent Fire Arms Mfg. Co., supra.