Joseph J. Cohn, Plaintiff-Appellee, v. Sam Cinman, et al., Defendants-Appellants.

Gen. No. 50,545.

First District, Third Division.

June 29, 1967.

Rehearing denied September 21, 1967.

John D. Vosnos, of Chicago, for appellants.

Sam Cinman, pro se, of Chicago, appellant.

Borenstein & Griffin, and Cecil E. Magid, of Chicago (Grossman, Kasakoff, Magid & Silverman, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendants appeal from a decree which, in accordance with the recommendations of a master in chancery, denied the defendants' motion to dissolve a temporary injunction; held void a bill of sale transferring title to a Chris-Craft cruiser from the plaintiff to the defendant Elsie Cinman, and ordered Elsie Cinman to reconvey the boat in question to the plaintiff. Among defendants' allegations of error is the charge that the master should have limited his inquiry to the propriety of the temporary injunction, and we proceed to consideration of that point as it is vital to the court's consideration of the other questions raised.

Plaintiff in his complaint alleged that his business partner, defendant Sam Cinman, defrauded him of his interest in a Chris-Craft cruiser after plaintiff had made substantial payments toward the purchase price of over $19,000. He charged that it was customary for him in the operation of the business to sign certain blank documents which were later filled in by defendant Sam Cinman and that in this instance Cinman converted the signed blank into a bill of sale transferring title to the boat to Elsie Cinman, his wife. The chancellor on motion of the plaintiff issued a temporary injunction restraining Elsie Cinman from selling or otherwise transferring her interest in the boat pending determination of the issue, and defendants moved to dissolve the injunction. The question was referred to the master in chancery who held hearings and made the recommendations hereinbefore noted with respect to the temporary injunction and the substantive issues in the case. Defendants objected to the master's report on the ground that it went beyond the order of reference, and the objection was overruled. It stood as an exception to the master's report, was overruled by the chancellor, and the final decree on the merits was entered.

The order of reference in question was entered on a form which had printed on it three prepared orders and a direction at the bottom that two of the three printed orders be stricken and the appropriate provision retained. In the instant case none of the three orders was stricken, but instead a fourth provision was written in as follows:

"(d) The master shall commence hearings 7/10/62 at 2 PM and shall first hear testimony and report to the court on defts' motion to modify or vacate temp injunction heretofore entered.

/s/ Walker Butler
Judge."

287

This order remained unamended throughout the course of the proceedings.

██ Plaintiff contends that the master derived the authority to make findings on the merits of the case from an oral direction of the court, to wit:

"All right, give me an order of reference and specify in it as I have indicated to you, that the Master shall first hear any evidence that the defendants desire to present in connection with their motion, their oral motion to vacate or modify the temporary injunction, and then proceed with the hearing of the case.

"Now, if he determines that the temporary injunction ought to be modified or vacated, then of course, the next thing probably, before you go ahead with your testimony, you will be back here for an order in connection with that recommendation."

Plaintiff argues that inasmuch as the master eventually concluded that defendants' motion to vacate or modify the temporary injunction should be denied, he was warranted in proceeding to hear the case on the merits without additional authority from the court. A master in chancery derives his authority from the order referring the case to him, and he cannot extend the scope of that order. Houlihan v. Morrissey, 270 Ill 66, 110 NE 341; Federal Life Ins. Co. v. Looney, 180 Ill App 488; Taylor v. Robertson, 27 F 537 (CCND Ill 1886) revd on other grounds sub nom. Green v. Taylor, 132 US 415.

██ ██ The actual order of the court differs materially from the oral statement relied on by the plaintiff, for the order directs the master to report only on defendants' motion to vacate the temporary injunction and no more. Examination of the record also reveals that the attorneys for the parties and the master himself understood that the sole purpose of the hearings was to rule on the mo-

tion for temporary injunction. That is best shown by the statement of the master at the June 19, 1963, hearing where he said:

> "This suit has not been referred to me. The only thing referred to me, from what I can see from the Order of Court, was your petition to dissolve the injunction, and that is the only evidence I am listening to."

Despite the fact that both parties presented evidence which bore on the merits of the case, we cannot overlook the vital requirement that there be a proper order of reference to the master. It does not follow however that all the evidence taken on the merits of this bitter controversy between former business associates should be stricken. The accuracy of the evidence heard by the master and certified by him in his report is not questioned. It would be a costly and unnecessary duplication to have that evidence reheard. The evidence as reported by the master shall stand as evidence on the merits of the case. The parties shall have the right to present additional evidence either before the court or the master if the case is referred to a master in chancery pursuant to Paragraph 8, Schedule, Article 6 of the Illinois Constitution as amended, effective January 1, 1964.

The decree insofar as it denies defendants' motion to dissolve the temporary injunction is affirmed. In other respects it is reversed and the cause is remanded with directions to take such other and further proceedings as are consistent with the views herein expressed.

Decree reversed in part and affirmed in part and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.