Thomas D. WINSOR, Appellant,

v.

CONTINENTAL FABRICATORS & SUP-PLIES, INC., Wilbert M. Travis, and Travis Automatic Sprinkler Corporation, Respondents.

No. WD 32552.

Missouri Court of Appeals, Western District.

Aug. 10, 1982.
Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

Desselle & White, H. Kent Desselle, Independence, for appellant.

Happy, Cooling & Herbers, J. Nelson Happy, Kansas City, for respondent.

Before SOMERVILLE, C.J., Presiding, and WASSERSTROM and LOWENSTEIN, JJ.

SOMERVILLE, Chief Judge.

In 1977 Thomas D. Winsor (hereinafter appellant) filed a multi-count petition for accounting and appointment of a receiver against Continental Fabricators & Supplies, Inc. (hereinafter respondent Continental), Wilbert M. Travis (hereinafter respondent Travis), and Travis Automatic Sprinkler Corporation (hereinafter respondent Sprinkler Corp.).

The record on appeal consists solely of a legal file, certain component parts of which lack considerable detail in various respects. As a result an undue burden has been placed on this court to put this appeal in proper perspective. Laboring under this burden, the following has been gleaned after a careful and exhaustive review of the legal file in its entirety. Appellant, according to his petition, sold stock in respondent Continental to respondents Travis and Continental having a value of Thirty-eight Thousand and no/100 Dollars ($38,000.00), and after all credits and setoffs there remained an unpaid balance due and owing to him of Thirty-seven Thousand Five Hundred Ninety-three and 67/100 Dollars ($37,-593.67) which respondents Continental and Travis failed and refused to pay; respondent Continental's corporate charter was forfeited on January 1, 1976, by reason of failure to file a 1975 Annual Registration Report and Anti-Trust Affidavit with the Secretary of State; respondent Travis, former president and sole director of respondent Continental, was the statutory trustee of respondent Continental; respondent Travis was not performing his duties as statutory trustee of respondent Continental and assets of the latter were being "wasted and dissipated"; and corporate assets of respondent Continental were transferred by respondents Travis and Continental to respondent Sprinkler Corp. to "hinder" creditors of respondent Continental. As reconstructed from convoluted matters scattered throughout other portions of the legal file, the balance claimed owing on the stock sold by appellant to respondents Continental and Travis was commensurate with or to be determined by the net value of the assets of respondent Continental as of March 31, 1975, the date on which the stock was transferred by appellant to the respective respondents.

Respondents Continental and Travis filed a joint answer to appellant's petition. Respondent Sprinkler Corp. filed an answer and multi-count counterclaim against appellant for unpaid rentals, services and labor performed, and damages to a truck which it owned.

In response to a stipulation entered into between appellant and respondents, the trial court, on June 18, 1979, issued an order pursuant to Rule 68.01 appointing a special master to ascertain and determine the value of the stock of respondent Continental at the time it was transferred. The order of reference limited the master to findings of fact on the specific issue immediately heretofore set forth. Per the stipulation of the parties the order of reference further provided "[t]hat the findings of fact of the master shall be binding upon the parties pursuant to Rule 68.01(g)(4); and that plaintiff shall share the equity or loss of said valuation of CONTINENTAL FABRICATIONS equally with [the appropriate re-

spondents] . . ., and that said findings shall be a final judgment upon the parties."

It is appropriate at this time to interject specific references to certain salient portions of Rule 68.01 (captioned Masters in Circuit Courts). Rule 68.01(b) reads in part that "in actions to be tried without a jury, *save in matters of account* and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it." (Emphasis added.) The stipulation entered into between the parties, conjoined with Rule 68.01(b), obviously accounts for the fact that none of the parties question the propriety of referring the limited issue to a master. Rule 68.01(e) reads in part that "[t]he order of reference to the master may specify or limit his powers and may direct him to report only upon particular issues . . . ." Rule 68.01(g)(4) reads as follows: "Stipulation as to Findings. *If the parties stipulate that a master's findings of fact shall be final and binding upon them, only questions of law arising upon the master's report shall thereafter be considered.*" (Emphasis added.)

It appears that the special master was somewhat tardy in filing his report. Consequently, on May 19, 1980, the trial court entered an order directing the special master to file his findings of fact on or before May 30, 1980. Notwithstanding the order just mentioned, the special master's report was not filed until October 9, 1980.

The belated report of the special master, after careful perusal, discloses the following findings of fact dispositive of the specific issue referenced: "We conclude that there is no information to verify that Continental Fabrications and Supplies, Inc. had any value at March 31, 1975." The special master was an accountant who went to some pains in his report to point out "that the records presented by both sides in this disagreement were very poorly documented." The report also discloses that the special master found that certain "figures" and "information" submitted by appellant, which were inconsistent with the "company's books and records as originally prepared and sub-

mitted" and the Federal Income Tax Return filed by respondent Continental "for the year ended March 31, 1975", lacked verity. Unfortunately, a shadow of confusion was cast over the report by the special master's discussion therein, albeit arguendo in a hypothetical sense, as to the adverse effect which the rejected "figures" and "information" submitted by appellant would have had, if possessed of verity, upon respondent Continental's federal income tax liability for the year ending March 31, 1975, and, as well, their projected adverse effect, penaltywise and interestwise, up through September, 1980.

Appellant filed objections to the special master's report pursuant to Rule 68.-01(g)(2). In due course the trial court overruled appellant's objection to the special master's report, adopted the special master's findings of fact, and entered judgment in favor of the appropriate respondents and against appellant on the latter's petition for accounting and appointment of a receiver. The trial court also entered judgment in favor of appellant and against respondent Sprinkler Corp. on the latter's counterclaim.

Appellant tenders three (3) points on appeal: (1) the trial court erred in overruling his objections to the special master's report because the stock was valued as of September, 1980, rather than March 31, 1975, the date of transfer; (2) the correct date for valuing the stock constituted a legal question which the trial court erroneously failed to rule on; and (3) the trial court erred in adopting the special master's report because it was not timely filed.

Appellant's first two points are interspersed with questions as to the scope of review where the parties, as here, stipulate pursuant to Rule 68.01(g)(4) "that a master's findings of fact shall be final and binding upon them." In this respect, a case of first impression as far as this state is concerned is before the court.

The Committee Notes appended to Rule 68.01(g)(4) acknowledge that its source is Rule 53(e)(4) of the Federal Rules of Civil

Procedure,[1] and the wording of both is virtually identical. Their kindred nature is such that federal cases, admittedly sparse in number, are persuasive in determining the applicability and meaning of Rule 68.-01(g)(4). *Kingsley v. Burack,* 536 S.W.2d 7, 11 (Mo. banc 1976); *Bauldin v. Barton County Mut. Ins. Co.,* 606 S.W.2d 444, 447 (Mo.App.1980); and *Lynch v. Webb City School District No. 92,* 418 S.W.2d 608, 617 (Mo.App.1967).

■ It is axiomatic that the most meaningful and reliable starting point for ascertaining the applicability and meaning of Rule 68.01(g)(4) is the rule itself. It provides, in clear, unequivocal terms, that "[i]f the parties stipulate that a master's findings of fact shall be final and binding upon them, only questions of law arising upon the master's report shall thereafter be considered." It has no aura of ambiguity; it says what it means and means what it says. If the parties so stipulate, findings of fact by a master shall be final and binding upon them and only questions of law may thereafter be considered. Notwithstanding its pristine clarity, it appears that a principal concern surrounding Rule 68.01(g)(4) and its federal counterpart, Rule 53(e)(4), Rules of Federal Procedure, is whether their respective application at the trial court level, as well as at the appellate level on review, constitutes an abdication of judicial responsibility concerning the fact finding process. This spector is laid to rest in *Eastern Fireproofing Co. v. United States Gypsum Co.,* 50 F.R.D. 140, 142 (D.C.Mass.1970): "Rule 53(e)(4), Fed.R.Civ.P., states that 'when the parties stipulate that a master's findings of fact shall be final, *only questions of law arising upon the report* shall thereafter be considered.' (Emphasis added.) The language defining the scope of review under these circumstances is quite similar to the phrase 'objections in point of law' that we are presently considering. This Circuit has recently interpreted Rule 53(e)(4) to foreclose review by the court except for abuse of discretion. *United States f/u/b/o J.P. Smith v. Pontomac Metal Products, Inc.,* 1 Cir., Jan. 2, 1970, No. 7416 [unpublished]. When there is such a stipulation the master does not infringe at all on the judicial function—the parties have agreed to a particular method of finding facts unrelated to court or jury. This justifies a very narrow scope of review."

Appellant vigorously contends that the scope of review in this case is controlled by *In the Matter of W___ K___ M___,* 537 S.W.2d 183, 186 (Mo.App.1976), holding that as to issues referred to a special master by an appellate court "[b]oth the law and the evidence should be reviewed as in suits of an equitable nature with regard given to the opportunity of the Special Master to have viewed and judged the credibility of witnesses." Appellant's reliance thereon is misplaced for several reasons. One, *In the Matter of W___ K___ M___, supra,* dealt with construction of Rule 68.03 which is captioned "Masters in Appellate Courts". Two, *no stipulation was entered into between the parties in In the Matter of W___ K___ M___, supra,* to be bound by the special master's findings of fact, and, moreover, Rule 68.03 contains no provision even remotely similar to Rule 68.01(g)(4).

Attention now focuses on appellant's points on appeal in light of the above, the record on appeal (consisting solely of the legal file), and the arguments proffered in their support.

■ Appellant's first two points overlap to such an extent that they lend themselves to being jointly discussed. In the frame of reference just mentioned, appellant contends that the stock was valued as of September, 1980, rather than March 31, 1975, the date of transfer, and that the correct date of transfer constituted a legal question which the trial court was remiss in not ruling upon. Appellant fallaciously seizes upon the master's reference, arguendo, to

1. 53(e)(4) Federal Rules of Civil Procedure: "*Stipulation as to Findings.* The effect of a master's report is the same whether or not the parties have consented to the reference; but, when the parties stipulated that a master's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered."

the hypothetical impact on respondent's federal income tax liability up to and including September, 1980, per the rejected "figures" and "information" submitted by appellant which were inconsistent with the "company's books and records as originally submitted" and the Federal Income Tax Return filed by respondent Continental "for the year ended March 31, 1975." Suffice it to say, the special master's report refutes appellant's spurious argument as it is patently clear from the report filed that he valued the stock in question as of March 31, 1975, the date of transfer, and found it had no value as of that date.

Appellant makes no charge that the trial court's adoption of the master's findings of fact, which the parties stipulated were to be binding and final upon them, constituted an abuse of discretion. Appellant, by way of a single sentence in support of his first point, makes a sweeping, generalized argument that "[i]t does not appear that the master's report was supported by substantial or credible evidence." This argument vis-a-vis the wording of appellant's first and second points confines itself to the sufficiency of the evidence to support appellant's erroneous contention, supra, that the master valued the stock as of September, 1980, rather than March 31, 1975, the undisputed date of transfer. Concededly, there are cases where questions of fact and questions of law merge, the most noteable example being where it is claimed that a finding of fact is not supported by a legally sufficient quantum of evidence. However, recognition of this principle raised no question of law to be determined by the trial court in the instant case, nor for review on appeal, because the special master valued the stock as of March 31, 1975, the undisputed date of transfer. Points one and two relied upon by appellant afford no basis for relief.

Appellant's third and final point faults the trial court for adopting the special master's report because it was not timely filed. No statute, rule, case or authority of any kind is cited by appellant in support of this point. *Thummel v. King,* 570 S.W.2d

679, 687 (Mo. banc 1978), advises that if a point asserted on appeal is thought to be one of first impression, counsel should say so in explanation of the absence of any citation of authority. Going a step further, *Claspill v. City of Springfield,* 598 S.W.2d 183, 186 (Mo.App.1980), citing *Thummel v. King, supra,* holds that "[a]bsence of citation of relevant authority for alleged points of error ordinarily justifies the appellate court to consider the point as being abandoned." The aforementioned, coupled with the fact that the argument made by appellant in support of his third point is bare of any persuasive logic, impels this court to conclude that point three should be, and hereby is, ruled against appellant.

Judgment affirmed.

All concur.